## BAXTER vs. TUCKER.

The clause in the statute of limitations, limiting the time for bringing an action of debt or *scire facias* on judgment to eight years, does not extend to a *scire facias* provided by the 9th Section of the Act directing the serving and levying executions, in a case where an execution has been levied on property which did not belong to the debtor.

In such *scire facias* it is necessary for the plaintiff to aver, and, on trial, to prove that the property on which the execution was levied, did not belong to the debtor.

THIS was a *scire facias* brought before the County Court to have execution on a judgment, rendered in the County Court for Rutland County, on the third Monday of November, 1803, for the sum of $125 93 damages and costs. The *scire facias* set forth the judgment, and that, on the 25th day of October, 1804, the plaintiff took out execution thereupon.—That on the 11th day of November, 1804, he caused the same to be levied on a certain lot of land situated in the town of Randolph in the County of Orange, (the lot described by metes and bounds) as the property of the de-

*Rutland, January, 1815.*

*Rutland,*
January,
1815

*Baxter*
*vs.*
Tucker.

fendant S. Tucker.—That after the levy of the execution, as aforesaid, the plaintiff let the lot of land by lease to J. R. of the City and State of New-York, for a term of years (without a date of the lease, commencement or end of the term).—That J. R. during the term, to wit, at the October term of the Circuit Court of the United States, holden at Rutland in and for the District of Vermont, on the third day of October, 1807, commenced an action of ejectment against F. K. of said Randolph, then in possession of said lot of land, claiming to be the lawful owner thereof; and such proceedings were had in said action, that at the term of the Circuit Court, begun and holden at Rutland aforesaid on the said third day of October, 1808, the said J. R. plaintiff in that action became nonsuit, whereby, &c. supplicating a remedy.

The defendant in the Court below pleaded the statute of limitations, that the plaintiff's action was not commenced, within eight years next after the rendition of the judgment, to which the plaintiff demurred, and judgment was thereon rendered for the defendant, from which judgment the plaintiff entered an appeal to this Court.

*Page,* for the plaintiff.

*Williams,* for the defendant.

In support of the demurrer it was contended, that this is not a case within the statute of limitations.—That, at least, it is within the equity of the saving clause.—That it is not the common case of a judgment, which has been suffered to lie dormant for eight years, from which might arise a presumption that it has been paid and satisfied, but the plaintiff has endeavoured to obtain satisfaction; he took out execution within a year after the rendition of the judgment, and caused the execution to be levied on, and, supposed to be the property of the defendant.—Four years after the levy, it was legally made to appear, that this land was not the defendant's property. Five years after the rendition of the judgment, and four years after the levy of the execution, it was first discovered that the levy was made by mistake—that the plaintiff had in fact obtained no satisfaction, the land having been proved not to have been the property of the defendant at the time of the levy, but of another person. When this appeared, the plaintiff's right accrued, under the statute " directing the serving and levying executions" to have a *scire fa-*

*cias* to obtain an alias writ of execution on that judgment.  Sup- *Rutland, January, 1815.* pose the failure of title had not appeared until the year 1812, more than eight years after the rendition of the judgment, it would be very hard to say the plaintiff is barred of his remedy before his right to that remedy had accrued.          *Baxter vs Tucker.*

For the defendant, it was contended that the expressions in the statute are general, positive and without any exception, " that all actions of debt, or *scire facias*, on judgment, shall be brought within eight years next after the rendition of such judgment, and not after."  As the statute makes no exception, the Court can make none. It is at the risk of the creditor to discover the defect of title in due time for his remedy.

CHIPMAN, Ch. J. delivered the opinion of the Court.

If the statute of limitation is, as contended by the defendant's counsel, a peremptory bar in this instance, it is certainly a very hard case and contrary to equity.  The Court however are of opinion, that the statute of limitations in the clause relied upon contemplates only the case of a judgment, which has been suffered to lie dormant eight years—no satisfaction appearing of record.  The law goes on the presumption that a judgment would not have been suffered to lie so long unsatisfied; it presumes that the judgment had been paid and satisfied by some arrangement between the parties, but through neglect not entered of record, which, after so long a time elapsed it would be difficult to prove, by such evidence as the law requires.  This principle applies to a case, where, at common law, the plaintiff might have his remedy by action of debt or *scire facias qua, executionem non.*  Such is not the case under consideration; the plaintiff could not have the common law remedy, either of debt or *scire facias.*  By the return of the execution the judgment appears on record to be satisfied; to a plea of this in bar, the plaintiff could, in such case, make no sufficient replication : so that he was, at common law, without a remedy; yet there can be no doubt that in an equitable view of the case, he is entitled to be provided with a remedy, and this remedy is given by the statute directing the serving and levying executions.  The 9th Section of that Act provides, that when it shall appear that the property, on which the levy or extent had been made, for satisfying an execution, did not belong to the debtor, the creditor shall have a *scire facias*

Rutland,
January,
1815.

Baxter
vs.
Tucker.

against the debtor requiring him to appear and shew cause why he the creditor should not have an alias execution on his judgment; and, if no sufficient cause be shewn to the contrary, that he shall have an alias execution accordingly.   This is a new remedy given by the statute, which has adopted and applied the common law writ of *scire facias qua. extentionem non*, which alone was contemplaed in the statute of limitations, to a new case.   The creditor's right to this remedy accrues upon the happening of some event, by which it can be made legally to appear, that the property or estate, on which the first execution had been levied, did not at the time of the levy belong to the debtor, in consequence of which the creditor has lost his satisfaction; but this very often may not happen until a much longer time than eight years has elapsed after the rendition of the judgment; so that, agreeably to the defendant's construction of the statute of limitations, the creditor's right would very frequently be intercepted and prevented before it could accrue.   This iniqui-tous absurdity is prevented by giving a just and proper construction to the statute of limitations on this subject, by confining it to the case of a *sciere facias qua. ex. non.* at common law, which super-cedes all necessity of imagining an equitable saving to prevent in-justice.   But it is farther insisted by the defendant's counsel, that the plaintiff has not in his *scire facias* set forth matter sufficient to bring his case within the statute on which he relies—that he has not made a case to entitle him to an alias execution.   To be sure, if the plaintiff undertake to set forth facts from which to draw a conclusion of his right, and the facts do not warrant that conclusion, he must fail.   In this case, the plaintiff, after having set forth the levy of his execution on the lands described, goes on to state that he let the same lands by lease to J. R. for a term of years, but gives neither the date of the lease, the number of years, nor the commencement or end of the term; nor, indeed, whether by writing or parol.   He farther says that J. R. during the continuance of the term, commen-ced an action of ejectment, before the Circuit Court of the United States, on the third day of October, 1807, for the recovery of the same lands against F. K. who was in possession claiming title; and that such proceedings were had, that at the Circuit Court of the United States holden at Rutland, in and for the District of Vermont, on the third Monday of October, 1808, J. R. the plaintiff in that

action, became nonsuit, whereby a right accrued to the present plaintiff, &c. Such is the substance of the case which the plaintiff has made—such are the facts from which is to be drawn the conclusion, that the debtor, the present defendant, was not the owner of the land, on which the execution was levied, and, certainly, the facts stated afford no such conclusion. For any thing that appears, F. K. the debtor might have derived a title from the present plaintiff, elder than that of J. R.; he might have been a mere trespasser—he might or he might not have claimed under an elder and better title, through Tucker the debtor. But whatever the title might be, no decision was had upon it.

J. R. the lessee, abandoned and became nonsuit. From this statement it does not appear that the debtor was not, at the time of the levy, owner of the property, or that the plaintiff has not now a good title, under the execution. The proof in this case lies on the plaintiff—he cannot call on the defendant to make out the title. There must therefore be

*Rutland, January, 1815.*

*Baxter vs. Tucker.*

Judgment for the defendant.