## JOHN BURNS v. JOHN P. BELKNAP.

Under the statutes of the state of Maine, in reference to trustee process, the writ of *scire facias*, which issues against a trustee, after judgment has been rendered against him by default in the original suit, is but a continuation of the original suit; and if the court had jurisdiction of the trustee in the original suit, and afterwards, and before judgment was rendered against him by default in that suit, he removed from the state, and had no property there, and the amount of the judgment were demanded of him, in the state to which he had removed, within thirty days after the rendition of that judgment against him, and the writ of *scire facias* were served by leaving a copy at his last and usual place of abode in Maine, a judgment against him upon the *scire facias*, by default, will charge him personally, and will be held conclusive upon him in this state, and may be enforced here by action of debt.

And in an action of debt upon such judgment, in this state, the plea of *nil debet* is insufficient, on demurrer.

DEBT upon two judgments, rendered by the district court of the state of Maine, held at Alfred, in the county of York, February Term, 1847,—one for $434,91 damages, and $9,27 costs, and the other for $111,76 damages and $9,27 costs. The defendant pleaded,—1. *Nul tiel record;* upon which plea issue was joined ;—2. *Nil debet;* to which the plaintiff demurred ;—3. That the judg-

ments described in the declaration were rendered in actions of *scire facias*, and that the writs in said actions were severally sued out and dated on the fifth day of December, 1846, and that no service thereof was made upon the defendant, and he had no notice thereof, and the judgments were rendered against him by default, without any appearance by him in the suits, either personally, or by attorney ;— 4. That at the time of sueing out the writs of *scire facias*, as stated in the third plea, the defendant was not an inhabitant, or resident, of the state of Maine, nor had he been so at any time since, but that for four years previously he had been a citizen of the state of Massachusetts, and at the time of sueing out the writs he was a citizen of the state of Vermont, where he had ever since resided, and that he had at that time no property, or domicil, in Maine, and that no personal service of the writs, or either of them, was made upon him, and no property was attached thereon, and the defendant had not any notice of the pendency of said actions, or either of them, and the judgments thereon were rendered against him by default, without any appearance in the suits by him. To the third and fourth pleas the plaintiff replied, that on the seventeenth of February, 1842, he sued out a writ, in due form of law, returnable before the district court to be held at Alfred, in the county of York, at the May Term, 1842, against Francis Dougherty and John Carney, of Elliot in the county of York, and therein summoned the defendant Belknap as trustee, and caused the writ, on the same day, within the county of York, to be served upon Belknap personally, who was then a resident of said town of Elliot, by reading the same, and also caused it to be served upon Dougherty and Carney on the fourteenth of May, 1842 ; that the suit was duly entered in court, and such proceedings were had, that at the October Term, 1845, of said court, he recovered judgment against Dougherty and Carney for $385,90 damages, and $50,92 costs, and at the same term recovered judgment against Belknap, by default, and execution was thereupon awarded against the goods, effects and credits of Dougherty and Carney in the hands and possession of Belknap, and it was farther adjudged, that Belknap should pay, from his own goods and estate, the costs which had accrued subsequent to the term, at which the writ was made returnable, taxed at $40,31 ; that a writ of execution issued, in due form of law, dated October 27, 1845, against

Dougherty and Carney, and against their goods &c. in the hands of Belknap, and was delivered to the sheriff of the county of York to serve and return, who afterwards, November 6, 1845, demanded of Belknap the goods &c. for which he was then liable as trustee, and the sum of $40,31 costs, for which he was personally liable,— which Belknap refused to pay, and the execution was returned unsatisfied; that afterwards execution was awarded by the court against Belknap personally for the said sum of $40,31 costs, and was issued, dated March 20, 1846, and had been in no part satisfied; that thereupon the plaintiff, on the twenty ninth of December, 1846, sued out his writ of *scire facias* against Belknap, in due form of law, returnable at the February Term, 1847, of the district court for the county of York, therein summoning him to appear and show cause, why judgment should not be rendered against him for the amount of the judgment against Dougherty and Carney, as of his own proper goods and estate, and execution be awarded accordingly; that this writ was duly served upon Belknap, January 25, 1847, by leaving a true and attested copy thereof at his last and usual place of abode in said town of Elliot, and the suit was duly entered in court, and thereupon the same judgment, described in the first count in the declaration, was rendered. The same facts were alleged in relation to a suit in favor of the plaintiff against John McGratty and Belknap trustee, in which the judgment described in the second count in the declaration, was rendered. The defendant rejoined, that at the time the plaintiff obtained the judgments, against Dougherty and Carney and against McGratty, in the original suits, and at the time judgment was rendered against Belknap in those suits, by default, and at the time the executions were issued and returned, the defendant was not a citizen of Maine, and had neither property nor domicil there, and that the sheriff's return upon the execution stated, that he delivered to the defendant the copies of the executions, and made the demands of him, alleged in the replication, at Fitchburg in the state of Massachusetts, and that no other demand was made upon him, or notice given, except at Fitchburg, where the defendant then resided, with his family, and that he was not then and there subject to the jurisdiction of the laws of Maine, and that no demand was ever made upon him, on said executions, or either of them, as required by the laws of that state. The plaintiff

surrejoined, that when said demand was made by the sheriff, by vir-
tue of said executions, the defendant was then and there subject to
the jurisdiction of the laws of Maine, and that said demand was
made upon him, upon the executions, in the manner required by the
laws of that state. And issue was joined. Trial by the court, No-
vember Term, 1849,—KELLOGG, J., presiding.

On trial the plaintiff gave in evidence the printed statutes of the
state of Maine, and also duly certified copies of the records and
files referred to in the pleadings, from which it appeared, that the
writs in the original suit were served, as alleged in the replication,
that judgment was rendered against the principal debtors by default,
May Term, 1843, and against Belknap, by default, October Term,
1845, and executions issued, and writs of *scire facias* were sued out,
and judgments were rendered thereon, as alleged in the replication,
and that the demand upon the defendant was made by the sheriff of
the county of York, at Fitchburg in the state of Massachusetts, as
alleged in the rejoinder. It appeared, that the session of the legis-
lature of Maine, in 1845, ended April 8, 1845.

The court found the issue upon the first plea for the plaintiff, and
adjudged the second plea insufficient, and found for the plaintiff
upon the issue joined upon the third and fourth pleas, and rendered
judgment, that the plaintiff recover the amount due upon both judg-
ments described in his declaration. Exceptions by defendant.

*W. C. French* for defendant.

We contend, that the defendant was not subject to the jurisdiction
of the court rendering the judgments upon the writs of *scire facias*,
and that they are void and of no effect, as judgments. The courts
of one state, in order to render their judgments binding in another,
must have jurisdiction of the parties and of the subject matter. In
order to obtain jurisdiction of the person, the party must reside or
be served with process within the jurisdiction of the court, or must
appear and submit to its jurisdiction. Story on the Const., ch. 29,
1297–1307. 1 Kent 260. 1 Greenl. Ev. 548, 614. *Bellows* v.
*Ingham,* 2 Vt. 575. *Hoxie* v. *Wright,* Ib. 263. *Fullerton* v. *Hor-
ton,* 11 Vt. 425. *Newcomb et al.* v. *Peck,* 17 Vt. 302. *Blodgett* v.
*Jordan,* 6 Vt. 580. *Bissell* v. *Briggs,* 9 Mass. 462. *Woodward*
v. *Tremere,* 6 Pick. 354. *Cook* v. *Darling,* 18 Pick. 393. *Borden*

v. *Fitch,* 15 Johns. 121. *Andrew* v. *Montgomery,* 19 Johns. 162. *Shumway* v. *Stillman,* 6 Wend. 447. *Aldrich* v. *Kinney,* 4 Conn. 380. By the statutes of Maine the only effect of the default of the defendant in the original suit was to make him liable for costs, which accrued subsequent to the term, to which the writ was made returnable. Rev. St. of Maine 529, § 22. If he had effects, &c., of the principal debtors, it was his duty to deliver them to the officer holding the execution; but the question, whether or not he had effects, &c., remained to be decided on the *scire facias.* Ib. 534, §§ 74, 75, 78. The writ of *scire facias* is sued out and served in the same manner as other writs, [Ib. 484, § 26,] on the return of which the trustee may appear and disclose; and if he have no effects, &c., of the principal debtor, he is discharged. Ib. 534, §§ 74–76. Previous, however, to bringing the *scire facias,* and within thirty days after final judgment, a demand must be made by the officer, holding the execution, of the trustee. In 1845 the legislature enacted, that if the trustee could not be found within the state, and had no dwelling house or place of abode within the state, a copy of the execution could be left at his dwelling house, or delivered to him, out of the state. Acts of 1845, ch. 136, p. 138. It is shown by the pleadings, that previous to the passage of this law the defendant had become a citizen of Massachusetts, and had no property or domicil in Maine. We claim, that one state has no power to enact laws to affect a citizen of another state, not residing or owning property within the state, and that no demand, therefore, was made upon the execution, which would justify the proceedings upon the *scire facias. Starkweather* v. *Loomis,* 2 Vt. 573. *Hall* v. *Williams,* 6 Pick. 232. It is claimed, that inasmuch as the plaintiff had notice of the original suit, he is bound to take notice of the proceedings on the *scire facias.* If this were so, there would seem to be no occasion for any service of the writ of *scire facias.*

The jurisdiction of the court and the right to render the judgment may be impeached under the plea of *nil debet.* 1 Kent 260. *Thurber* v. *Blackbourne,* 1 N. H. 242. *Stoddard* v. *Allen,* N. Ch. 44. *Blodgett* v. *Jordan,* 6 Vt. 580. *Hoxie* v. *Wright,* 2 Vt. 263. If, however, the defendant were served with process, or submitted to the jurisdiction of the court, he is bound by the judgment and *nil debet* is not a good plea. *Newcomb et al.* v. *Peck et al.,* 17 Vt. 302.

*Tracy, Converse & Barrett* for plaintiff.

So far as the judgment is set forth in the declaration, as appearing of record, it is a regular and valid judgment, as against the defendant. The plea of *nil debet* is not allowable in debt on judgment, except in case of a foreign judgment ;—but the judgment of another American state is not a foreign judgment. *Boston India Rubber Factory* v. *Hart,* 14 Vt. 92.   17 Vt. 302.   4 Vt. 557.   *St. Albans et al.* v. *Bush,* 4 Vt. 58.   *Hoxie* v. *Wright,* 2 Vt. 263.

The record shows, that the demand was made as prescribed by the statute of 1845.  Under the pleadings, if that demand were valid, the judgment on the *scire facias* is valid.  The court had full jurisdiction of Belknap in the original suit; and therein he was subject to the incidental process of that state for all the purposes of that suit.  If, therefore, it was competent for the legislature of Maine to enact the statute of 1845, the demand made on the defendant was authorized and efficacious.  That statute does not provide for proceedings, in which the court thereby assume or exercise original jurisdiction, nor for the ultimate execution of final process.  It provides for an incidental step, necessary to the efficacy of a lawful proceeding, in which the court had undoubted jurisdiction.

But the demand is not to be treated as service of process, but as a notice, required as preliminary to the further process of the law to consummate proceedings already commenced,—as to which the place where it is made is wholly unimportant.  The execution, as against the trustee, is not in the nature of an execution against judgment debtors.  It is merely process against the debtors and their property,—the law only authorizing demand of the trustee for the property, and not compelling delivery.

But if the issue had been made by demurrer to the replication, thus involving the question of the validity of the judgment, as affected by the matter of the defendant's special pleas, the result must have been the same.   *Scire facias,* like this, is but a continuation of the original suit.   1 Chit. Pl. 269.   1 Sw. Dig. 583.   9 Johns. 259.   11 Maine 89.

The opinion of the court was delivered by

Bennett, J.  It is, it must be conceded, well settled, that a judgment of a sister state may be impeached, if the defendant were

in no way subject to the legal process of such state, or amenable to her laws, when the judgment was rendered against him ; and such, it is claimed by the defendant, was the fact in this case; and this is the important inquiry. That we may have a full understanding of this question, it may be well to recur briefly to the facts of the case.

It seems in February, 1842, the plaintiff prayed out his writ against Dougherty and Carney, of Elliot, in Maine, returnable at the May Term, 1842, of the district court for the county of York, and the present defendant, then of Elliot, was summoned as trustee ; and the process was duly served upon the trustee, at Elliot, on the seventeenth day of February, 1842, and on the principal defendants on the fourteenth of May. At the May Term, 1843, the principal defendants were defaulted, and the case was continued from term to term to the October Term, 1845, when the defendant was defaulted, and the damages were then assessed against the principal debtors, and execution was awarded for the damages and costs against the goods, effects and credits of the principal debtors in the hands of the trustee. It was also adjudged, that the trustee pay, out of his own funds, such costs as had accrued after the first term, to which the writ had been made returnable, agreeably to the provisions of the statute of Maine. On the twenty seventh of October, 1845, execution issued against the estate of the principal debtors in their own hands, and against the goods, effects and credits of the principal debtors in the hands of the trustee. Upon the margin of the execution there was indorsed the amount of the costs, which the trustee was personally liable to pay. On the sixth of November, 1845, the sheriff returned a *non est inventus* as to the trustee, and that he had not any dwelling house, or place of abode, in the state, and that he found him at Fitchburg, Massachusetts, gave him a copy of the execution, and a written notice, that he was required to deliver the goods, effects and credits, for which he was liable, towards satisfying the execution, and made a demand for the costs indorsed on the margin of the execution, and the defendant refused to do either, and the execution was returned unsatisfied. A *scire facias* was issued against the trustee in December, 1846, returnable at the May Term, 1847, requiring him to show cause, why judgment should not be entered up personally against him. This was served upon the trustee by leaving a true and attested copy at his

last and usual place of abode in Elliot; and the defendant not ap-
pearing, he was defaulted, and judgment was rendered against him
personally at the February Term, 1847, for the amount of the judg-
ment against the principal debtors and the costs of the *scire facias.*
This is the judgment upon which this action is predicated.

When the plaintiff commenced his suit in 1842, not only the
principal defendants, but also the trustee, were residents of Maine.
Service of the writ was made personally upon them, and the court
had the most perfect jurisdiction over them ; and the important
question is, did the court have jurisdiction over the trustee in 1847,
when the judgment was rendered against him personally ?  If they
had not, it must have been upon the ground, that it was lost in con-
quence of his removal from the state.  The proceedings of the court
of Maine are in strict conformity to their statute, to which we have
been referred ; and there is no ground, upon which the judgment in
question can be impeached, unless it be for want of jurisdiction over
the trustee.

If the judgment had been rendered against the defendant, as the
debtor of the plaintiff in an original action, we think it quite clear,
that such a judgment would be open to examination in our courts,
as much so as if it had been strictly a foreign judgment.  But if the
*scire facias* in this case is to be treated, not as a new suit, but as a
continuation of the original action, and as constituting a necessary
part of it, it would seem as if a different result should follow.  The
original judgment, rendering the trustee chargeable, did not obligate
the trustee to pay any sum to the plaintiff, except the costs indorsed
on the margin of the execution ; and had he appeared and disclosed
facts to show, that he was not trustee, he would then have been dis-
charged.  The principle is too well established, to need authority,
that a *scire facias* upon a judgment is only a continuation of the
original suit ; and we think there are special reasons, why the *scire
facias* in the case at bar should be so considered.  If a *scire facias*
issue against bail upon a recognizance, or against bail upon *mesne*
process, it may well be treated, in either case, as a new action ; for
the reason, that the defendant was in no way a party to the record
in the original suit.

But in this case Belknap, in one sense, was a party to the action,
when the suit was commenced, and was duly served with process,

being then a resident of Maine.  The judgment, which was entered against him, consequent upon his first default, was but in the nature of an *interlocutory judgment*, and incomplete, and in no way conclusive, except for a portion of the costs, which had accrued in the action.  The statute enacted by the legislature of Maine, in 1845, provides, that when the trustee has no place of abode in the state, and cannot himself be found, the demand, made in the manner it was in this case, of the trustee, shall be deemed sufficient; and we see no good objection to the statute.  It did not authorize the service of process in another state.  After this demand, and a return of *nulla bona*, on the execution, the foundation was laid for farther process, by way of a *scire facias*, for ascertaining the plaintiff's rights and the defendant's liabilities.

When the defendant submitted to the first default, he was not, by the laws of Maine, subjected to any fixed liabilities to the plaintiff, except for costs; and if the default had been taken the first term, he would not have been even liable for costs.  The defendant, it must be presumed, knew, that there must be farther proceedings by *scire facias*, in which he might appear and discharge himself by making his disclosure; or the plaintiff, upon his default, would be entitled to judgment against him in his own right.  He knew, that he had taken the very course to render a *scire facias* necessary to a final judgment against him, fixing him with the payment of the debt; and the question is, shall he have the power to defeat the plaintiff of this right by his removal from the state?  He must be taken to have understood, that the legal process issued from the courts of Maine could not follow him into another state, and that the laws of Maine authorized the service of the *scire facias* upon him only by a copy, left at his last and usual place of abode in Elliot.  The statute is, that the officer may make service of the summons by reading, or giving the defendant a copy, or leaving a true and attested copy at his dwelling house, *or at the place of his last and usual abode.*

The defendant must have known, that, to render the proceeding of any avail against him, a *scire facias* must be issued from the courts of Maine, and that, if he left the state, no other service could be made upon him, except what was made in this case.  I am not

aware, that the laws of Maine make provision, in a case like this, for any other service, but the one adopted.

We think, as he was in the first instance personally summoned, and did not appear to make his disclosure, but suffered a default, it is to be taken, that he intended to disclose upon the *scire facias*, if he wished to make any disclosure,—which it seems the laws of Maine authorized. If the defendant, in the mean time, wished to remove out of the state, he should have left his agent at Elliot, to have given him notice of the service of the *scire facias*. We think this is by far more reasonable, than to hold, that, by his leaving the state, he defeated the jurisdiction of the court over him, and thereby rendered all prior proceedings *abortive*. It would be somewhat extraordinary, if the defendant, by removing to Massachusetts, could in effect dissolve the *lien*, created by the original service of the trustee process; yet such must be the effect, if he, by so doing, placed himself beyond the pale of the jurisdiction of the courts of Maine over him.

If they had not jurisdiction over him, personal notice served upon him in Massachusetts could not give it. Considering the peculiar nature of the trustee process, we think the *scire facias* was an operative part of the original action, and necessary to carry out its object, and may well be regarded as a continuation of it; and the defendant, for the purposes of carrying out this object, must be treated as subject to the jurisdiction of the courts of Maine, notwithstanding his removal to Massachusetts. The case of *Adams* v. *Rowe*, 11 Maine 39, is a full authority for the views expressed; and we think that case sound.

In regard to the plea of *nil debet*, it is clearly bad. There is nothing in the record to *impeach the conclusive* effect of the judgment; and it being conclusive upon the face of the record, *nil debet* is no better plea, than it would have been to an action of debt upon a judgment of a court of this state.

We think, then, the court below were right in finding the issue of fact and of law for the plaintiff, and the judgment of that court is affirmed.