SAMUEL TUDOR & PHILO HILLYER *v.* ASA TAYLOR.

[ HEARD AT THE SPECIAL TERM, 1853.]

*Petition to vacate the levy of an execution, which had been levied on land not owned by the debtor.*

When an execution is levied on real estate, of which the debtor has no title, and the records of the court furnish evidence on their face, that the execution was satisfied by such levy, no proceedings can be had to obtain actual payment of that debt, until the evidence of that apparent satisfaction is removed.

The law upon this subject is settled in *Pratt* v. *Jones*, 22 Vt, 341, and *Baxter* v. *Tucker*, 1 D. Chip. 353·

When a levy has been made on premises where the debtor had no title or interest, the creditor may make application to the court to vacate the levy, and this application is addressed to the power of the *court to* correct its own records, and this power may be lawfully exercised by the court, on petition or motion, accompanied with affidavits and notice.

Tudor et al. *v.* Taylor.

And in such a case, if the court had jurisdiction over the subject matter, and the parties in the original suit, they will have power to correct their records, or to grant this summary relief, though the parties should remove from the state after the commencement of the suit, and continue to reside without the state.

And where such a levy had been made, on an execution issued on a judgment, rendered in 1823, on land where the debtor had no title or interest, and the same was suffered to remain in that situation from that time, until the present application on petition to vacate the levy was made, though the parties during all that period, had the same means for enforcing the claim they now have; under these circumstances, *it was held*, that the application to vacate the levy, ought not to be granted, inasmuch as the law will raise a presumption of payment and satisfaction of the judgment, and inasmuch as no circumstances appear in the petition affecting that presumption, and the court dismissed the petition.

THIS was a petition brought to vacate a levy of an execution, which was issued on a judgment rendered by the Supreme Court, at the June Term, 1823. The levy was made in December, 1823, on land where the debtor had no title or interest. The facts in the case sufficiently appear in the opinion of the court.

*Washburn & Marsh* for petitioners.

The judgment was rendered by this court in 1823, and execution was issued and levied upon land in possession of Horace Hunter, and actually the property of Jabez Hunter. Possession was never taken by the creditors, under the levy, and it has always been held and retained by Hunter, and those claiming under him. The officer's return of the levy shows an apparent satisfaction of record; but there having been no satisfaction in fact, the record, in this respect, is false, and the error may be corrected upon petition.

The power incident to all courts of general jurisdiction, to inquire into the correctness of their own proceedings, to correct their records according to the truth, if erroneously made, or to relieve a party against the unjust operation of a record, on ascertaining, by a direct inquiry into the matter, that the record ought not to have been so made,—and to do this *on motion*, founded on affidavits and notice, was distinctly asserted in *Mosseaux* v. *Bingham*, 19 Vt. 460, and the case of *Scott* v. *Stewart*, 5 Vt. 57, was cited as an illustration of its exercise. That the court will, *on motion*, exercise this power, by setting aside an irregular levy of execution, was asserted by WILLIAMS, J., in *Hurlbut* v. *Mayo*, 1 D. Chip. 390, 391, and in *Pettes* v. *Montague*, decided by this court in

this county, June Term, 1851,—which was a *petition* to vacate the levy of an execution, for irregularity, which rendered the levy a nullity,—this power was exercised, and the levy was vacated. That case must be decisive of the case at bar.

If the creditors have not a remedy in this form, they are without remedy ; for the statute, which has been in force for many years in this state, allowing the creditor to bring *scire facias,* where an execution has been levied upon property not belonging to the debtor, has been repealed. Acts of 1852, p. 7.    Comp. Stat. c. 45 § 46.

No objection can be based, by the debtor, upon the lapse of time, since it has been held, in *Baxter* v. *Tucker,* 1 D. Chip. 353, that the statute of limitations does not apply to any case, " where by the return of the execution, the judgment appears on record to be satisfied,"—and if this were not so, the non-residence within this state, of either the creditors or debtor, since the rendition of the judgment, is a sufficient answer to the objection.

The *dictum* in Co. Lit. 290 *b,* " that it appeareth by the preamble of the statute, 32 Hen. 8, c. 5, and by divers books, that after a full and perfect execution had by extent returned and of record, there shall never be any re-extent upon any eviction," is not applicable to this case.    For that refers to an extent upon the rents and profits of land, (which is all that the common law, or the statutes giving remedy by elegit, by statute merchant or statute staple, allowed,) and not to a levy under the statute of this state, upon the fee.    The creditor, under such a levy, is put in possession, and acquires the right to take the rents and profits, while he remains in possession, and does take them.    It may, with some show of justice, be said, that having taken an appearance of satisfaction, and some value, he shall not have another extent, and this for the reason given in Bac. Abr. Ex'on D. 1717, where it is said that though the creditor " take but an acre of land in execution, yet it is held a satisfaction of the debt, be it never so great, *because in time it may come out of it ;*" as well as for the reason assigned in *Crawley* v. *Lidgeat,* Cro. Jac. 338, that " the taking of land in extent for the debt is, in judgment of law, as if he had taken a lease for years in satisfaction of the debt." But how can that be held a " full and perfect execution had by extent," which passes no title of the debtor to any land, and under

which the creditor does not acquire even the present possession of land?

This whole question was examined with great care by Ch. J. PARKER, in *Burnham* v. *Coffin*, 8 N. H. 114, and he arrived at the conclusion, both upon reason and authority, " *that it is by no means clear*, that by the common law, the creditor who had extended lands, which did not belong to his debtor, might not have a new extent, before the statute of 32 Hen. 8." And in that case the same remedy was afforded by *action* of *debt*, against a void levy, which this court refused, in that form of action, in *Pratt* v. *Jones*, 22 Vt. 341,—but afforded, upon *petition* in *Pettes* v. *Montague*, above cited.

O. P. *Chandler* for defendant.

I. We say that the court have no jurisdiction. Both parties reside out of this state, and no service was made on defendant within the state.

II. After *thirty* years, the court will presume the debt satisfied, either by levy or otherwise.

If the court have jurisdiction now, the petitioners might at any time have resorted to the same remedy; but if they had not this remedy, they might have proceeded by *scire facias,* in which case the service might have been sufficient, as the court already have jurisdiction of the parties. *Barnes* v. *Belknap*, 22 Vt. 419.

The statute, relating to *scire facias*, furnishes a cumulative remedy. The present proceeding might have been taken at any time, if it can now be had. *Pratt* v. *Jones*, 22 Vt. 345. *Pettes* v. *Raymond et al.*, (not reported.)

The opinion of the court was delivered by

ISHAM, J. This petition is brought to vacate the levy of an execution. The judgment was rendered in the Supreme Court at the June Term, 1823, and the execution levied on real estate in December, of that year. It is stated in the petition, that the premises, at the time of the attachment and levy, were in the possession of, and owned by Jabez Hunter; that they were never owned, and have never been in the possession of the debtor, or these creditors, since the levy; and that no benefit or advantage therefrom, has ever been or can be realized by them. We are

satisfied from the evidence accompanying this petition, that the execution was levied upon property not owned by Asa Taylor, and that no title or interest passed to the creditors under that levy; indeed, it has not been contended in defense, that the levy of the execution has been effectual for any purpose, in producing actual satisfaction of the debt, either at law or in equity. We are, therefore, to take those facts as true, and as satisfactorily proved by the testimony in the case.

The execution having been thus levied, and the records of the court furnishing evidence on their face, that the execution was thereby satisfied, no proceedings can be had to obtain actual payment of that debt, until the evidence of that apparent satisfaction is removed. The action of debt on that judgment cannot be sustained; neither can it be revived by *scire facias* at common law; for the defect in the levy is not apparent on its face, but arises from matters *in pais dehors* the record. Before those remedies can be resorted to, proceedings must be instituted, acting directly upon the record itself, vacating that levy and apparent satisfaction; otherwise, the record evidence of satisfaction will be conclusive, and cannot be contradicted by parol testimony. The cases of *Pratt* v. *Jones*, 22 Vt. 344, and *Baxter* v. *Tucker*, 1 D. Chip. 353, must be considered as having settled the law on that subject in this state. See also, *Dimick* v. *Brooks*, 21 Vt. 578. *Lawrence* v. *Pond*, 17 Mass. 433. The rule, drawn from the cases on this subject, seems to be this; that the record must show a legal obligation still subsisting and unsatisfied. If the levy was void and illegal on its face, no satisfaction would appear of record, and those remedies might be resorted to; but if the levy was apparently good, and the want of actual satisfaction is to be proved by testimony *aliunde*, then those remedies are not available; and none can be had, until that apparent satisfaction of record is removed. The legislation of this state on this matter is conformable to this view of the subject. In 1797, Slade's Comp. 213, an act was passed, giving a remedy by *scire facias*, when the execution was levied on property *not the debtors*; and this was considered by CHIPMAN, Ch. J., as a new remedy. In 1837, this remedy was extended to *irregular and informal levies* on real estate, where the title therefrom shall be *deemed doubtful or uncertain*. The act of 1797, and that of 1837, were re-enacted in the Revised Statutes p. 243 § 39, and p. 244

§ 43. Comp. Stat. p. 315 § 46, 49. These several statutes remained in force until 1852, under the provisions of which, a specific redress was given to creditors by *scire facias,* when a void levy of an execution was made by being extended on real estate, belonging to others, and not the property of the debtor. By the act of 1852, p. 7 § 46 of Chap. 45, of the Comp. Stat. was repealed; thus taking away the remedy of *scire facias,* where the levy was void in consequence of being extended on land not the debtors; so that a remedy by *scire facias,* under the statute, extends only to *irregular and informal levies,* where the, title thereby is doubtful; *and does not extend to cases where the debtor has no title or interest in the premises on which the levy is made.* The result is, that this creditor, and all others like situated, are without remedy by action of debt or *scire facias,* at common law, or under our statutes, and in fact are remediless, unless a remedy can be had in the mode, and under the proceedings now adopted.

The proceeding in this case is not instituted upon any statutory provision, but it is an application, founded upon common law principles, addressed to the power of the court, to correct its own records; a power usually exercised on petition, or motion, accompanied with affidavits and notice. This power has been frequently exercised in this state, and we entertain no doubt that such power lawfully exists, and probably might have been exercised, even when a remedy existed by *scire facias ;* for where a remedy exists at common law, and a new remedy is given by statute, the new remedy is merely cumulative, unless negative words are used, or that which is equivalent, taking away the remedy at common law. The exercise of this power was expressly recognized in the case of *Hulbert* v. *Mayo,* 1 D. Chip. 387 ; and in *Pettes* v. *Montague et al.,* in manuscript, decided in Windsor County, in 1851—this power was directly exercised. That case, like this, was a petition to vacate the levy of an execution. The execution had been levied on a portion of mortgaged premises by *metes and bounds,* and therefore void, 11 Vt. 323. The petition was preferred to the county court and dismissed, on the ground that the court had not legal power to grant the relief prayed for ; exceptions being taken, this court reversed the judgment and vacated the levy. The same principle was recognized in the case of *Mosseaux* v. *Brigham,* 19 Vt. 460. The exercise of this power is inherent in all courts of

general jurisdiction, for the purpose of revising and correcting their own proceedings. In the language of the court in the case last cited, " this power exists to correct their records according to " the truth if erroneously made, or to relieve a party against the " unjust operation of a record, on ascertaining by a direct inquiry " into the matter, that the record ought not have been so made. " The proceeding is usually on motion, and the power is exercised " in a summary way, whenever the court, in the exercise of a sound " discretion, considers that the furtherance of justice requires it."

From the facts existing in this case, and the decisions of this court heretofore made on this subject, we think the plaintiffs are entitled to the relief sought by their petition, unless that relief is barred by lapse of time. It is now nearly 30 years since the levy of the execution, and over that period since the rendition of the judgment. Both of these parties, in the meantime, have resided out of this state. Yet, the remedy to which the plaintiffs have now resorted, was at all times open to them, and was as available at any time heretofore, as now. As the court had ample jurisdiction over the subject matter and parties in the original suit, they are not deprived of the power to correct their records, or grant this summary relief, by the removal of the parties from this state after the commencement of the suit, or by their residence abroad. The parties having once submitted themselves to the jurisdiction of the court in the prosecution of the original action, these proceedings, whether by petition, motion, or *scire facias*, so long as they introduce no new parties on the record, but are confined to the original parties in the suit, are not treated as the commencement of a new suit, but as a continuation of the original action; constituting a necessary part of the original record. 22 Vt. 426. Comp. Stat. 244 § 18.

The right of the petitioners to have this levy vacated, and this apparent satisfaction of the execution removed, is not affected in consequence of the debt or judgment being barred by the statute of limitations. In the case of *Baxter* v. *Tucker*, before cited, it was held, " that the statute of limitations contemplates only the case of a judgment, which has been suffered to lie dormant eight years, *where no satisfaction appears of record.*" This case is, therefore, removed from the operation of that statute. A more serious question, however, arises from the doctrine of presumption ;

for there would be no propriety, in striking from this record the evidence of a satisfaction of this judgment, if after all, the law applies to this case the doctrine of a presumptive payment, and satisfaction of this debt.

It is a general rule, that debts of record, and by specialty, which have been unclaimed and without recognition for twenty years, in the absence of explanatory evidence, are presumed to have been paid. A shorter period, with other circumstances tending to prove payment, may go to the jury as evidence of that fact, from which they may make that inference. But after the lapse of twenty years, it then becomes a presumption of law. Mortgages are presumed to be paid; judgments satisfied and discharged; bonds for the payment of money paid and released; as also covenants against incumbrances, warrants to confess judgments, decrees in chancery, statutes, recognisances, and other matters of record. 2 Phil. Evid. 324, note 307. 2 Barn. & Cress. 555. The law raises this presumption as a rule of protection, as a matter of public expediency and for the general good. It is deemed expedient, that claims, opposed by such evidence, as such a lapse of time affords, should not be countenanced; and that society is more benefitted by a refusal to entertain such claims, than by suffering them to be made good by proof. 1 Greenl. Evid. § 32, 39.

This presumption may be rebutted by circumstances, showing that the claim is due and unpaid; but what circumstances will be sufficient for that purpose, it is unnecessary to say, as none are stated in the petition, or referred to in the testimony for that purpose. If a suit was pending at law on that judgment, the presumption of payment would be clear and unquestionable. The same rule prevails in equity; and surely, a rule that has such general application when proceedings are instituted directly to enforce the judgment, should not be overlooked, or disregarded, on applications of this character.

The suit was commenced and prosecuted to final judgment. The creditors prosecuted their claim with diligence in obtaining their judgment, and levying their execution on real estate. It is difficult to believe that a claim of that magnitude would remain from that time, for this long period unclaimed and unrecognized, if it had not been in some way arranged or compromised; when during all that period, they have had the same means for enforc-

---

ing the claim they now have. Under these circumstances, we can see no propriety in granting this application, when the law will raise a presumption of payment and satisfaction of the judgment and when no circumstances are stated in the petition affecting that presumption.

The result is, that this petition must be dismissed with costs.