Watson et al. *v.* Reissig.

---

ALONZO WATSON *et al.*, Plaintiffs in Error, *v.* CHARLES REISSIG, Defendant in Error.

ERROR TO COOK.

A court of law may exercise an equitable jurisdiction over the execution of its own judgments and process ; but it will refrain from doing so, when, from any circumstance, it cannot do as complete justice as could a court of equity.

An affidavit should be entitled of the cause in which it is to be used, otherwise it should not be considered, either by the court below or this court.

The right of redemption of a judgment debtor is not subject to be levied on and sold by virtue of another execution. And where such right of redemption has been sold, and satisfaction entered, it is the right and duty of the court to vacate the entry of satisfaction, and issue another execution.

THIS was a motion, on the part of defendant in error, to set aside and vacate an entry of satisfaction of two judgments in favor of Reissig.

The bill of exceptions in the cause of Charles Reissig against Alonzo Watson and Peter Northrop, in the Circuit Court of Cook county, states, that a judgment by confession was entered on a note and warrant of attorney, on the 29th September, 1857, for $758.81 damages, besides costs, in the above entitled cause, A. C. Coventry, attorney for the plaintiff, on the record, L. B. Taft, attorney for defendants, on the record.

The first execution, a writ of *fieri facias*, was issued to the sheriff of Du Page county ; tested 26th Feb., 1858 ; received by sheriff, March 25th, 1858 ; and levied by him, May 22nd, 1858, on lots numbers two and three, in block number one, in W. L. Wheaton's addition to the town of Wheaton, in Du Page county. To which the sheriff returned, August 20, 1858, that he was presented with a copy of affidavit of defendant and certificate of judge, staying proceedings. Execution returned and filed Aug. 20, 1858.

A second execution was issued to the same sheriff on the same judgment. This was received November 13, 1858, tested the 12th of the same month, and on the 14th of same month was levied on lots one and two, in block number three, in W. L. Wheaton's addition to Wheaton Village, Du Page county, and the same were thereupon sold by said sheriff, and bid in by Charles Reissig, the plaintiff in above cause, for $810.08, the amount of debt and costs; and a certificate of sale was duly made and filed by the sheriff in the proper office. The sale was on December 11, 1858, and said execution was thereupon, on 20th December, 1858, returned by said sheriff and filed in the clerk's office of this court, as satisfied in full by sale of real estate to the plaintiff.

Another execution or writ of *fieri facias* on a second judgment of said Charles Reissig against the same defendants, for $278.50 damages, besides costs, (in a suit commenced by summons) entered 22nd October, 1858, was received by the sheriff of Du Page county, October 29, 1858, and was levied November 2nd, 1858, on same lots numbers one and two, block number three, in W. L. Wheaton's addition to the village of Wheaton, which, on 11th of December, 1858, were also sold to Charles Reissig, the plaintiff, for the amount of execution and costs, $309.72, and certificate filed for record, and on Dec. 17, 1858, sheriff returned the same satisfied in full by sale of property to plaintiff.

On the judge's docket of October term, 1858, of this cause last named, DeWolf & Daniels' names are entered by the judge as attorneys for defendants. They then (Oct. 13, 1858,) obtained an order to extend the time to plead, and filed an affidavit of merits.

On the 18th of October, 1858, defendants caused to be filed an affidavit intended as a ground for a motion to set aside the judgment in the first above entitled cause, entered by confession, for $758.81 and costs, and to let in the defendants to defend upon the merits. Upon this the judge had granted an order, dated August 7, 1858, staying execution until the further order of the court.

This order was subsequently set aside, and the plaintiff allowed to proceed with execution.

The affidavit and order on file, has the name of no attorney indorsed upon it, or attached, but was prepared and filed by L. E. DeWolf, an attorney employed by Watson & Northrop to make said motion, and said motion was made and attended to by him.

On Tuesday, March 1, 1859, a motion was made by Messrs. Coventry, Rountree & Vaughan, attorneys for Reissig in above

cause, to set aside the sales made on the executions as above recited, and declare the same for naught, and that the judgments rendered therein be ordered to stand wholly undischarged and unsatisfied. Said motion was grounded on two affidavits on file, to which is annexed a notice of the motion, with a certificate at the foot of the notice signed by Harry E. Haydon.

Copy of the motion and certificate above referred to:

CIRCUIT COURT, COOK COUNTY.

CHARLES REISSIG,
    *vs.*    } *Two Cases.*
ALANSON WATSON *et al.*

DeWolf, Sir : You will please take notice, that on the opening of the court, Tuesday, the 1st day of March, or as soon thereafter as counsel can be heard, we will move the court upon affidavit, with copies of which you are herewith served, to set aside the sale made in the above cases, and declare the same for naught, and that the judgments rendered therein be ordered to stand wholly undischarged and unsatisfied.    Yours, very truly,

COVENTRY, ROUNTREE & VAUGHAN,

*Chicago, Feb.* 25, '59.    Plaintiff's Attorneys.

Served by leaving a copy of within, at the office of J. DeWolf, Friday, Feb. 25, 1859.    HARRY E. HAYDON.

The affidavits above referred to, are both entitled as follows:

CIRCUIT COURT, COOK COUNTY.

CHARLES REISSIG,
    *vs.*    }
ALANSON WATSON *et al.*

But as this court has decided that they should not have been considered, they are not inserted.

The foregoing motion was submitted to the court by the plaintiff's attorneys, with affidavits aforesaid, with notice of motion attached, and the certificate of said Haydon.

The court, after consideration, made the following order, which was entered on the records of the court:

March 9, 1859.

CHARLES REISSIG
    *vs.*    } ASSUMPSIT.  *Mo. to set aside*
ALONZO WATSON &    *Sheriff's Sale.*
PETER NORTHROP:

This day again comes the said plaintiff, by Coventry, Rountree & Vaughan, his attorneys, and moves the court, on affidavits filed, to set aside the sale of property heretofore made on the execution issued out of this court on the judgment in said cause. And the court, after hearing said affidavits and the allegations set forth by said plaintiff, and being fully advised in the premises, now sustains said motion, and orders that the levy and sale of the following described real estate, to wit : lots number one and two in W. L. Wheaton's addition to the town of Wheaton,

in the county of Du Page and State of Illinois, made by the sheriff of said Du Page county on an execution issued out of this court on the judgment heretofore rendered by this court in said cause, be and the same is hereby set aside, vacated, and held for naught, and said judgment is hereby declared to stand wholly unsatisfied and undischarged.

Afterwards, Mather, Taft & King, as attorneys for defendants Watson and Northrop, moved said court for an order to set aside and disannul the aforesaid order.

The affidavits on which (besides papers on file and records in notice referred to) the latter motion was based, are entitled,

CHARLES REISSIG
*vs.*
ALONZO WATSON & } *In the Circuit Court for Cook County.*
PETER NORTHROP.

STATE OF ILLINOIS, COOK COUNTY, ss.

And state the facts as they are given in the bill of exceptions, besides a great deal of other matter which is not conceived to be necessary to a clear understanding of the opinion. Affidavits were also filed on the part of defendant in error, in opposition to the last mentioned motion.

The court, MANNIERE, Judge, presiding, after argument, refused to allow the motion, and the order of March 9th, 1859, remained in force.

The plaintiffs in error now bring the case to this court for a revision of the decision of the court below.

MATHER, TAFT & KING, for Plaintiffs in Error.

COVENTRY & ROUNTREE, for Defendant in Error.

CATON, C. J. The law is too well settled to admit of discussion, that a court of law may exercise an equitable jurisdiction over the execution of its own judgments and process, but it does not follow that it will always exercise such jurisdiction, and indeed it will refrain from doing so, when, from any circumstance, it cannot do as complete justice as could a court of equity, but will leave the parties to seek relief in that court. We shall see whether this record presented such a case as justified the court of law in exercising such an equitable jurisdiction.

The objection which is urged to the consideration of the affidavits which were read upon the first motion, is well taken. Those affidavits were not properly entitled, and for that reason should not have been considered by the court below, and cannot be considered by this court.

An objection is also taken to the sufficiency of the notice to

Freer to appear and resist that motion to set aside the sale and satisfaction of the judgment. If that notice was insufficient, and for that reason, as well as for the defect in entitling the affidavit, the court improperly and erroneously granted the order, the whole merits of the case come up on the motion to vacate that order, and we may address ourselves at once to the inquiry, whether such facts appeared on the hearing of this last motion as were sufficient to sustain and justify the order which had been made, and which was then sought to be set aside. The facts may be stated in a very few words. The property had been previously sold on the Savage execution, and there only remained in the judgment debtor a right of redemption. This was levied upon and sold by virtue of this execution, and bid in by, or for, the judgment creditor, and upon that bid and for that consideration, satisfaction of the judgment and execution was entered. And whether this sale and satisfaction should be set aside, was the real question to be determined.

In the case of *Merry* v. *Bostwick*, 13 Ill. R. 398, it was decided by this court, for reasons which we think entirely satisfactory, that the right of redemption which is by our statute vested in the judgment debtor for twelve months after a sale of real estate under a decree or an execution, is not subject to be levied upon and sold, by virtue of another execution against the judgment debtor. Hence this levy and sale conferred no right or title to the purchaser. It was entirely void, and the satisfaction was entered without any shadow of consideration whatever. In such a case it was not only proper, but it was the duty of the court to set aside, or vacate the entry of satisfaction, and to issue another execution under which the judgment creditor might redeem from any sale where the law would permit it, or otherwise seek a real satisfaction of his judgment.

The order of the court below is affirmed.

*Order affirmed.*