*Nicholas Van Slyck,* City Solicitor, for respondents.

---

# NEWPORT COUNTY.

⎯⎯⎯⎯◆⎯⎯⎯⎯

### . THOMAS ESTES *vs.* PETER COOKE.

An officer's return on an execution is a part of the record of the case in which the execution issued.

Parol evidence cannot be admitted to contradict the court record.

Hence, in an action of debt on a judgment to which the defendant pleaded satisfaction, as appeared from the officer's return, in a larger sum than was admitted in the declaration ; a replication, which set forth that part of the satisfaction pleaded arose from an illegal levy, the proceeds of which the plaintiff was compelled to refund, was held bad on demurrer, the record evidence of satisfaction being conclusive until modified by some proper proceeding operating directly on the record.

DEBT. On demurrer to the replication.

*Providence, October 5,* 1877. MATTESON, J. This is an action of debt upon a judgment. The declaration sets forth that the plaintiff recovered a judgment of this court against the defendant, at the March Term, 1852, for $371.48 debt, and $20.27 costs of suit, which remains in full force and not annulled, reversed, or satisfied, except in the sum of $29.35.

The defendant pleads that the judgment has been satisfied in a much greater sum than $29.35, to wit, the sum of $254.78, as appears by the return of the officer on the execution issued on the judgment. He does not deny the plaintiff's right to recover the residue of the judgment.

The plaintiff replies that though the execution appears by the return to have been satisfied in the sum of $254.78, it was in fact only satisfied in the sum of $29.35, because the property levied on was not subject to execution, and the defendant subsequently sued the officer and recovered judgment against him for

its value, which the officer paid in full, and the plaintiff, being liable to the officer, reimbursed him the sum so paid.

To this replication the defendant demurs, upon the ground that parol testimony is inadmissible to contradict the return on the execution.

The plaintiff having deceased, his administrator, who has assumed the prosecution of the suit, joins in the demurrer.

The return on the execution forms part of the record. There is nothing on its face to impeach its validity and parol testimony cannot be admitted for that purpose. So long as it remains, it is conclusive upon the parties. *Freeman* v. *Caldwell*, 10 Watts, 11 ; *Baxter* v. *Tucker*, 1 D. Chip. 353, 355 ; *Dimick* v. *Brooks*, 21 Vt. 569, 578 ; *Pratt* v. *Jones*, 22 Vt. 341, 344 ; *Tudor et al.* v. *Taylor*, 26 Vt. 444, 448 ; *Hughes* v. *Streeter*, 24 Ill. 647 ; *Lawrence* v. *Pond*, 17 Mass. 433. Since, then, the record furnishes evidence of the apparent satisfaction of the judgment in the sum of $254.78, the plaintiff cannot recover that sum till he has by some appropriate proceeding, such as a motion or petition operating directly upon the record, *Adams* v. *Smith et al.* 5 Cow. 280 ; *Watson* v. *Reissig*, 24 Ill. 281 ; *Ritter* v. *Henshaw,* 7 Iowa, 97 ; *Tudor et al.* v. *Taylor*, 26 Vt. 444, 448, procured the removal of that apparent satisfaction. Till then the record evidence of satisfaction will be conclusive, and no sufficient replication can be made to the plea.

    The demurrer must be sustained.     *Demurrer sustained.*

    *Louis Lapham*, for plaintiff.

    *William P. Sheffield*, for defendant.