GLEASON *v.* FIRST NAT. BANK OF LAPEER.

*(Circuit Court, E. D. Michigan.* October 16, 1882.)

1. ACTION—MONEY HAD AND RECEIVED—DEFENSES.

In an action for money had and received, the defendant may avail himself of any defense showing that, equitably, he is entitled to retain the money as against the plaintiff.

2. INSURANCE—POLICY PAYABLE TO CREDITOR—PURCHASE AT EXECUTION SALE.

Where the owner of property caused it to be insured, and made the policies payable to a creditor, who subsequently brought suit against the owner for the debt secured by the policies, obtained judgment, levied an execution upon the property insured, and bought it in upon the sheriff's sale, and shortly after the sale, the property was burned, and the creditor received the proceeds of the insurance, it was *held* that, while the purchase of the property was technically an extinguishment of the debt secured by the policies, yet that the creditor was equitably entitled to retain the proceeds of the insurance, but must credit the same upon the amount of his bid, in case the debtor saw fit to redeem.

On motion for a New Trial.

This was an action for money had and received. The facts were that one Alexander Mair, the plaintiff's assignor, had borrowed money of the bank to the amount of $5,000, and had given his note therefor, secured by five policies of insurance upon certain mill property, to the amount of such note. Subsequently he became further indebted to the bank, a suit was begun for the entire indebtedness, judgment on *cognovit* obtained, and execution issued on the same day. The execution was in due time returned satisfied by a sale of all of Mair's property, including the mill upon which the aforesaid policies of insurance had been underwritten, the bank being the purchaser. About two months after the sale upon execution the mill burned, and the bank collected the money upon these policies of insurance, which had been *made payable to the bank.* This suit was brought by the assignee of Mair to recover the amount collected by the bank. Upon this state of facts the court charged that, while technically the purchase of the mill property by the bank for the full amount of the judgment was an extinguishment of the debt for which the policies were given, yet that equitably the bank was entitled to the money representing the value of its mill, and directed a verdict for the defendant.

*C. D. Joslin,* for plaintiff.

*Mr. Williams,* for defendant.

BROWN, D. J. The action for money had and received is an equitable action, and, as Mr. Greenleaf says, (vol. 2, § 117,) "may in

general to proved by any legal evidence showing the defendant nas received or obtained possession of the money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff. * * * But if the defendant has any legal or equitable lien on the money, or any right of cross-action upon the same transaction, the plaintiff can only recover the balance after satisfying such counterdemand."

In *Eddy* v. *Smith*, 13 Wend. 488, it is said that the same principle which allows the *plaintiff* in an action of *assumpsit* to recover what *ex æquo et bono* he is entitled to, operates in favor of the *defendant* when called upon to pay the money. If he can show the better equity, he will be permitted to retain it. This was a case where the purchaser of an equity of redemption demanded from a mortgagee the surplus remaining in his hands after satisfying the mortgage and the expenses of a sale, and the mortgagee showed that subsequent to the mortgage he obtained a judgment against the mortgageor, which was a lien upon the land, at the time of the transfer of the equity of redemption, to an amount equal to the surplus; and it was held, in an action of *assumpsit* by the purchaser against the mortgagee, that he was not entitled to recover such surplus. See, also, *Moses* v. *Macferlan*, 2 Burr. 1010.

We do not dispute plaintiff's contention that a policy of insurance is a personal contract; that a mortgageor and a mortgagee, or other owner and lienholder, have separate insurable interests, and that the right of subrogation does not exist as between them. If the mortgageor insures the mortgaged property in his own name and it is burned, the money belongs to him and not to the mortgagee, though the latter may thereby lose his whole debt. Leading cases upon this point are: *Columbian Ins. Co.* v. *Lawrence*, 10 Pet. 507; *Carpenter* v. *Provident Washington Ins. Co.* 16 Pet. 495,—in which it was held that the mortgagee had no claim to the benefit of a policy of insurance underwritten for the mortgageor.

*McDonald* v. *Adm'r of Black*, 20 Ohio, 185, was a case where a policy effected by a mortgageor contained the words "for whom it may concern," but it was held that the mortgagee could not claim the benefit of insurance if at the time the mortgage had not become absolute at law by failure to pay the money.

In *Plympton* v. *Ins. Co.* 43 Vt. 497, a person having acquired title by levy of an execution upon premises insured by the execution debtor, was held not entitled to the proceeds of the policy in case of loss by

fire. I had occasion to apply the same principle to a case where the owner of a vessel, injured by collision, sought to recover from the owners of the vessel in fault, which had been sunk by the collision, the amount of certain policies of insurance underwritten upon her. *The Peshtigo*, 9 Cent. Law J. 285. On examining the law in this case I became entirely satisfied that libelant's lien upon the vessel for his damages did not attach to her policies of insurance, for the reason that the policies were written for the benefit of the owners and not for that of the creditors of the vessel.

A moment's consideration, however, will show there is but a slight analogy between these cases and the one under consideration. Here the policies were originally *made payable to the defendant* for its security, and until its debt was actually paid defendant had a right to the proceeds of the policy. Had the property burned before sale upon execution, the amount realized from the policies would have belonged to the defendant, by virtue of their assignment to him. He ought not to be placed in a worse position because his title had been changed from that of a creditor to that of a purchaser upon execution, with a right of redemption reserved to the debtor. It is true that the purchase of the property upon execution was a technical extinguishment of the debt, or, rather, a satisfaction of the execution which represented it, but it was so only upon the theory that the defendant became thereby the owner of the property, or a lienholder to the amount of its purchase money. It has always been held that if a sheriff levy upon and sell lands not belonging to the execution debtor, the court will require the moneys to be refunded, the return of the sheriff corrected, and a new execution to be issued for the unpaid portion of the judgment. *Adams* v. *Parmeter*, 5 Cow. 280; *Tudor* v. *Taylor*, 26 Vt. 444; *Warner* v. *Helme*, 1 Gilman, 220; *Zeigler* v. *McCormick*, 14 Reporter, 440. If in this case the loss had occurred before the sale, defendant would have recovered the amount of the policies as payee thereof, and would have bid just so much less for the property as was represented by the amount so recovered; but as the mill was burned after the sale, defendant was entitled to the money as the payee of the policy, and the plaintiff was entitled to a credit of this amount upon the amount of the bid, in case he saw fit to redeem. A different rule would work a manifest injustice, and hold out a strong inducement to the destruction of the property. It would, in short, take $4,500, the amount of the policies, from the defendant's vaults, and put it into the plaintiff's pocket; in other

words, plaintiff would have paid his debt, and recovered back the money used in paying it.

The case of *Mickles* v. *Rochester City Bank*, 11 Paige, 119, is in point. It was held in this case that where a judgment creditor of a corporation insured its real estate in the joint names of himself and the corporation, and the property was afterwards sold under his judgment and bid in by him, and after such sale the property was partially destroyed by fire, and the property was not redeemed from the sale, he was entitled to the money received from the insurance company on account of such loss.

It seems to me entirely clear that the plaintiff has no right to the money sought to be recovered. The motion must therefore be denied.