ADMINISTRATORS OF RODNEY C. ROYCE *v.* HENRY STRONG.

*Scire facias* is not the appropriate remedy to obtain a new execution, when the former execution has been levied upon real estate in a defective manner, especially where the defect does not appear upon the face of the levy.

The remedy given by statute in such case should be considered as superseding all other remedies.

*Scire facias* to the county court for the purpose of obtaining an alias execution upon a judgment of that court, where the first execution had been levied upon the real estate of the debtor, incumbered by several mortgages. The declaration recited the judgment and set forth the levy *in hæc verba,* by which it appeared that the estate levied upon was set out by metes and bounds as the proper estate of the said debtor, and was duly appraised at a sum stated in said levy. It also appeared by the levy that the appraisers found said estate incumbered by mortgages, which, added to the sum contained in said execution and the officer's fees thereon, amounted to the sum at which they had appraised the value of the whole.

The defendant demurred to the declaration, and the county court adjudged it insufficient. The plaintiffs excepted.

*R. R. Thrall,* for plaintiffs.

*S. Foot,* for defendant.

The opinion of the court was delivered by

REDFIELD, J.—It is evident from the declaration that the plaintiff is not entitled to an alias execution. So far as the declaration is concerned, it would seem that the execution was levied upon the entire interest of the mortgagor; if so, the levy is correct and sufficient to pass the title.

It is, indeed, urged in argument and copies of the deeds are offered to be read to this court, showing that the mortgages extended over a greater extent of land than that included in the officer's return, and that the officer set off part of the premises, described by metes and bounds, sufficient to satisfy the mortgage and execution. This would be clearly informal and void. The mortgagee could not be required to restrict his claim to a portion of his security to accommodate either the mortgagor or a levying creditor. It has been settled in this state, by more than one decision of

this court, that the levy of an execution upon a part of the equity of redemption of the mortgagor, must be upon an aliquot proportion of the entire interest, and not upon a portion of the premises described by metes and bounds.   But, in the present state of the pleadings, the court cannot know that the latter was the course adopted in the present case. There is no such allegation in the plaintiffs' declaration. And it is believed that *scire facias* is not the appropriate remedy in such case.   The statute of 1837 was passed with the view of affording adequate remedy in such cases.   The application by that statute is required to be made to this court in the first instance.   That remedy is ample and should be pursued.   It is not necessary to consider the vexed question whether, without the statute, the plaintiffs were remediless.   When a clear and ample remedy is given by statute, it should be considered as superseding all doubtful remedies at common law.

Judgment affirmed.

Royce, J. being one of the administrators of the intestate, did not sit.