Hyde v. Taylor et al.

---

RUSSELL B. HYDE *v.* GAMALIEL TAYLOR AND JOHN T. MATTHEWS.

The statute,—Rev. St. c. 42, § 43,—which authorizes the supreme court, upon petition, to vacate an irregular levy of execution upon real estate, is not restricted to defects which are apparent upon the face of the levy,—but extends to a case, where the officer, intending to levy upon the life estate of the debtor in land, subject to a mortgage, by mistake caused the fee simple to be appraised, and levied upon the entire equity of redemption.

That statute is remedial, and, as such, should receive a liberal construction, so as to advance the remedy.

THIS was a petition to the supreme court to vacate the levy of an execution, in favor of the plaintiff against the defendants, upon land of the defendant Taylor, and was founded upon the Revised Statutes, chapter 42, section 43.

It appeared, that the execution in question was placed by the plaintiff in the hands of one Noyes, constable of Hydepark, with directions to levy it upon certain land, subject to a mortgage, in which Taylor had a life estate, and that the officer attempted to levy upon the life estate, but, by mistake, the appraisers appraised the fee simple, and ascertained the value of the equity of redemption by deducting the amount of the mortgage from that sum, and the officer

levied upon the entire equity of redemption, thus ascertained, instead of levying upon the life estate. The return was in the form, given in the Revised Statutes as a levy upon land.

*Smalley & Phelps* for petitioner.

Upon the facts found it would seem, that the levy was, in the language of the statute, " irregular, informal, and not made according to the strict rules of law," and that the title derived therefrom is doubtful,—so that, under that statute, the petitioner is entitled to have the levy corrected.

*Poland* and *Wires & White* for defendants.

1. The statute does not include a levy defective in substance as to the *subject matter*, but includes all matters of form. It cannot be extended to a levy on the wrong land, or a levy on land instead of the equity of redemption, or a levy on the land, instead of a life estate. *Bell* v. *Roberts,* 13 Vt. 582.

2. In order to bring the case within the statute, there must appear, upon the face of the return itself, some irregularity, or informality, or some defect which shows that the levy was not made according to the strict rules of law. The return is literally after the form given in the statute.

The opinion of the court was delivered by

REDFIELD, J. The words of the statute, under which this proceeding is had, are, that when the levy shall be " irregular, informal, or not according to the strict rules of law, so that the title shall be doubtful," this application may be made to this court, and the levy be vacated, or affirmed, as the case may require, upon hearing.

It is claimed, that the present remedy is confined to those defects, which are *apparent upon the face of the levy.* But we think not. Such clearly is not the language of the statute. That is extensive enough to reach almost every case of defective levy. Before the enacting of the present statute, it had been decided by this court, that, when the defect *was apparent* upon the record, a new execution might be obtained by *scire facias. Royce* v. *Strong,* 11 Vt. 248. Such had long been the understanding of the profession, before any such remedy as the present was first provided by statute in 1837,—

Hyde v. Taylor et al.

which formed the basis of the present Revised Statutes, upon that subject. But when the defect did not appear of record, neither debt nor *scire facias* would lie. That seems to us to have been one of the evils intended to be remedied by the statute. And now, for this court to so construe this act, as to exclude the very cases intended to be reached, would be, in effect, to repeal it by construction.

It is also a remedial statute, of a highly beneficial character, for the relief of faithful officers, who, through inadvertence, or error in judgment, or other cause, have failed to comply with all the requisites of the law, and should receive a large and liberal construction, so as to advance the remedy and prevent, or cure, the evil.

The levy is vacated, and a new execution awarded.