## George C. Pratt *v.* Asa Jones.

This was debt upon judgment, and the defendant pleaded, that the plaintiff had caused the amount of the judgment, and all interest, costs and charges, to be levied and fully satisfied of the lands and estate of the defendant, and this plea was traversed and issue joined. *Held,* that this issue did not involve any inquiry as to the validity of the levy, which appeared to have been made, but only whether the execution appeared to be satisfied, by a levy regular upon its face.

An action of debt will not lie upon a judgment, which appears of record to be satisfied by a levy of execution upon real estate, regular upon its face. The record must be held conclusive, until, by some proceeding, brought to operate directly upon the record itself, the levy is avoided.

Debt upon judgment. Pleas,—1. *Nul tiel record;*—2. Payment;—3. That the plaintiff had caused the amount of the judgment, and all interest, cost and charges, to be levied and fully satisfied of the lands and estate of the defendant. These pleas were traversed, and issue joined. Trial by the court, September Adjourned Term, 1849,—Kellogg, J., presiding.

It appeared, that the plaintiff recovered judgment against the de-

fendant, April 18, 1843, as described in his declaration, and that
the execution, which issued thereon, was returned satisfied by a levy
upon land of the defendant, in Woodstock, September 16, 1843,
and was duly recorded.   The return was regular in form, and the
land levied upon was described by metes and bounds.   At the time
of the levy there was, upon record in the town clerk's office in
Woodstock, a mortgage, executed by the defendant to Simon War-
ren, dated August 7, 1827, duly executed, which included, with
other land of the defendant, the land levied upon by the execution
above mentioned ; and at the time of trial a bill to foreclose this
mortgage was pending in the court of chancery.   There was no
evidence tending to prove, that this mortgage had ever been dis-
charged.

Upon these facts the county court rendered judgment for the
plaintiff.   Exceptions by defendant.

*Tracy, Converse & Barrett* for defendant.

The satisfaction of the judgment appears of record.   The levy
and return are conclusive between the parties, until set aside in the
manner provided by law.   *Hurlburt* v. *Mayo,* 1 D. Ch. 387.   *Swift*
v. *Cobb,* 10 Vt. 282.   *Adm'r of Royce* v. *Strong,* 11 Vt. 248.
Hence the rule has ever been, that, where the defect did not appear
of record, neither *scire facias* nor debt would lie.   REDFIELD, J.,
in *Hyde* v. *Taylor,* 19 Vt. 599.   *Lawrence* v. *Pond,* 17 Mass. 433.
The levy must first be vacated by a direct proceeding for that pur-
pose.   Rev. St., c. 42, §§ 39, 43.   Acts of 1842, p. 85.

If the case comes within chap. 42 of the Rev. St. the plaintiff
cannot vacate the levy.   The levy was in 1843, and he must have
proceeded by petition within two years.   His title has become abso-
lute to the debtor's interest in the estate.

The plaintiff cannot impeach this levy, nor treat it as void.   The
mortgage was on record, without indorsement of satisfaction, at the
time of the levy.   The plaintiff is therefore chargeable with a
knowledge of the incumbrance, and he cannot now repudiate the
title which he has taken.

*O. P. Chandler* for plaintiff.

It would seem beyond question now, that a levy upon a *part* of land included in a previous mortgage, describing the premises by metes and bounds, is void, and that the statute of 1837, relating to informal lev,ies, will not apply to such a levy.   Rev. St. 244, § 43. *Swift* v. *Dean et al.*, 11 Vt. 325.   *Bell* v. *Roberts*, 15 Vt. 741. *S. C.*, 13 Vt. 585.   The same doctrine was recognized in *Morris et al.* v. *Lull*, decided by this court in Windsor Co., February Term, 1848.

Debt is the proper remedy; for here the whole levy is void, which, of course, leaves the debt unsatisfied.

Section 39 of chap. 42 of the Revised Statutes does not apply to this case.   That relates to a levy upon property, of which the debtor had no ownership.   Here the debtor had an interest in the land, which might have been levied upon, viz., the right to redeem it.   If the statute define the rights of the parties in a given case, it cannot be held to exclude any common law remedies in a different case, even by implication.   The statute, in the case therein provided for, furnishes a cumulative remedy; the right of suing the judgment, at common law, still remains.

In the case at bar the debtor owned an interest in the land, but it was an incorporeal right; the land was in such condition, that it could not be set off by metes and bounds on a judgment against any person.   The mortgagor had an equitable right, which, *as such,* could be levied upon,—the mortgagee had a *lien*, which could not be levied upon in any event.   Then a levy by metes and bounds was necessarily void; the mode of levy was wrong, and not a failure of title.

The opinion of the court was delivered by

REDFIELD, J.   There are some questions, in regard to the form of the issue, and the sufficiency of proof, to show that the mortgage was a subsisting security at the date of the levy, which we shall not stop to discuss at length.   It seems to me, that the issue does not in fact involve any inquiry as to the validity of the levy, but only whether the execution appeared of record to be satisfied, or, in other words, was satisfied of record.   If the plaintiff wished to show, by matter *dehors* the record, that the execution was not in fact satisfied,

and if such a showing could avail the plaintiff, in this form of action, it should, I think, be distinctly so pleaded.  A stranger to these pleadings would not understand the plaintiff to claim, that the levy made was invalid, by reason of the debtor having only a mortgage interest in the land, but would conclude, that the plaintiff would undertake to show, that no levy whatsoever was made.   This form of pleading would doubtless be well enough, where the defect was apparent upon the levy itself.   And in such a case the action of debt is manifestly the appropriate remedy, and this the proper form of pleading.   And the fact, that the plaintiff's counsel so felt the incongruity of the thing, as to decline the attempt to amend the record, by alleging matter *in pais, dehors* the record, shows a lurking consciousness, that the case required a departure from the usual course ; and hence this form of pleading might have been adhered to, in order to escape the consequences of encountering a demurrer.

The same remarks, substantially, apply to the matter of proof offered in the county court.  There was no positive proof, whatever, that the mortgage remained a subsisting security upon the land.   And as the date of the mortgage was more than fifteen years prior to the levy, and almost twenty five years prior to the time of trial, the natural and legal presumptions would concur in its being paid off.

But in regard to the question, involved in the very foundation of this action, and which has been chiefly discussed at the bar, whether an action of debt will lie upon a judgment, which appears of record to be satisfied by levy of execution upon real estate, regular upon the face of it, we have given to it all the consideration, which the time would allow, and we entertain [no doubt, that the case, upon that point, is clearly with the defendant.

This is a question, which attracted the attention of the profession, and came to be considered by the courts, at a very early day ; and the traditionary bearing has certainly been altogether adverse to any such remedy.  The subject certainly came before this court, as early as the case of *Baxter* v. *Tucker*, 1 D. Ch. 353, and was somewhat extensively examined and discussed by one of the ablest courts, who have ever occupied these seats,—and to say this is not to disparage others.   That was *scire facias* to obtain a new execution, where the former one had been levied upon an estate, not belonging to the

debtor, which remedy is given by our statute. Ch. J. Chipman, in giving judgment, says,—" The plaintiff could not have the common law remedy either of debt, or *scire facias*. By the return of the execution the judgment appears on record to be satisfied. To a plea of this in bar, the plaintiff could in such case make no sufficient replication ; so that he was at common law without a remedy." " This remedy is given by the statute." This determination certainly covers the present case in all its parts. For the only defect in the present case, complained of, is, that the debtor did not own the estate levied upon, but a lesser estate. And this decision being made almost forty years ago, and having been fully acquiesced in by all, and our legislation conformed to it, by giving the creditor a remedy to obtain a new execution by petition to this court, we should, at this late day, feel reluctant to depart from it, if there were serious doubt of its soundness upon common law principles, which we think there is not. This case decides, too, that it is incumbent upon the creditor, seeking a new execution upon the ground of defect of title in the debtor to the estate levied upon, to show by positive evidence, *prima facie*, that such defect existed, and that he cannot for this purpose call upon the debtor to show his title affirmatively. This will apply to the matter of proof, in the present case, after a presumption against the continuance of the mortgage is raised, by lapse of time. The same view of the law upon this subject was taken by this court, in *Royce* v. *Strong*, 11 Vt. 248, and in *Hyde* v. *Taylor*, 19 Vt. 599. And in *Dimick* v. *Brooks*, 21 Vt. 569, it was attempted to be shown, that debt upon record cannot be aided by averment of matter *in pais*, *dehors* the record. To what is there said I could add nothing here.

We think, then, in conclusion, that the record, and the record only, must be held conclusive, until, by some proceeding brought to operate directly upon the record itself, the levy is avoided. This was done, in *Hurlbut* v. *Mayo*, 1 D. Ch. 387, by *audita querela*, and may now always be done by petition to this court, under the statute. The case of *Lawrence* v. *Pond*, 17 Mass. 433, conforms to the view here taken.

Judgment reversed, and judgment for defendant, upon the issue joined, and the facts found by the county court, unless the plaintiff elect to become nonsuit.