## WILLIAM P. BRIGGS *v.* EZRA B. GREEN.

*Levy of execution on real estate. Supreme court. Depositions. Evidence.*

Unfriendly feelings towards an execution debtor on the part of those appointed appraisers of his estate upon the levy of the execution, do not constitute a legal disqualification. The justice making the appointment is the sole judge of their fitness in this respect.

The power of the supreme court on petition to vacate the levy of an execution upon real estate is not confined to cases where the defect in the levy appears upon the face of the return.

It is the duty of the officer making the levy to notify the debtor to choose an appraiser.

Upon a petition to the supreme court to vacate the levy of an execution for the want of such notice, the fact that no such notice was given may be shown by parol notwithstanding the officer states in his return of the levy that notice was given.

The provisions of the statute relative to the taking of depositions in civil causes do not apply to that class of cases in which the supreme court has jurisdiction involving the trial of matters of fact on evidence, as granting divorces, establishing highways, granting new trials on petition, and vacating levies of execution on real estate.

*Held,* in this case, being a petition to vacate the levy of an execution, that the testimony being taken simply in the form of affidavits, with notice to the adverse party, who was present at the taking, was admissible.

PETITION to vacate the levy of an execution in favor of the defendant upon the plaintiff's real estate.

The facts in the case appear in the opinion of the court.

The petitioner, *pro se.*

*J. Maeck,* for the defendant.

POLAND, Ch. J.   The petitioner claims to have the two levies made on his real estate, on executions in favor of the petitioner, vacated upon two grounds.

1st. That he was not notified by the officer to choose apprais-ers and had no opportunity to do so.

2d. That two of the appraisers appointed by the justice, were not " judicious and disinterested freeholders," because they were his personal enemies and were in litigation with him.

In relation to this last clause, if what is alleged in the petition be true, it furnishes no legal ground for vacating the levy. The existence of unfriendly feelings by the appraisers towards the debtor, is no legal disqualification to their acting, like relationship, or pecuniary interest in the matter. Some men would act just as fairly and with more caution when such feelings existed ; others doubtless would be influenced in their judgment by it, and some would even go against their judgment to injure a personal enemy. The justice who appointed them was the sole judge of their fitness and suitableness to perform this duty, and where no legal disqualification exists, like interest or affinity, his judgment is conclusive, for in making the appointment he acts in a judicial character.

If we could go behind his decision for such causes, it would be equally open to inquire whether the appraisers were men of good judgment, whether they were well acquainted with the value of property, and any and every reason affecting the wisdom of their selection.

As to the other ground set up, of want of notice to the petitioner, the defendant insists that if the fact be established by the evidence, it furnishes no good ground to vacate the levies for two reasons. 1st. That this is not such an irregularity or departure from the strict rules of law, in making the levy, as comes within the statute, authorizing the court to vacate a levy ; that the statute only extends to cases where the defect or irregularity appears on the face of the proceeding. 2d. That no evidence is legally admissible to establish the fact because it contradicts the officer's return, which is claimed to be conclusive between the parties.

The first of these objections seems to be overcome by cases already decided under this statute, where it has been held not to be confined to defects apparent on the face of the levy, but to extend to all cases of substantial illegality in it; *Hyde* v. *Taylor et al.*, 19 Vt. 599 ; *Pratt* v. *Jones*, 22 Vt. 341. The statute does not in terms provide that the officer shall notify the debtor to

choose an appraiser in such case, but it expressly provides that the debtor may appoint one, and without such notice he cannot have an opportunity to do so; hence the duty of the officer to give such notice is a necessary implication from the other provisions of the statute. It is, too, highly necessary for the protection of the debtor that this notice should be given, that he may have some voice in the selection of the persons who are to fix the value of his property which is to be taken by force of the law, and without his consent, to satisfy his creditor's debt. We are of opinion, therefore, that a levy made without notice to the debtor, and wholly behind his back, is irregular and illegal, and should be set aside, provided it can be legally shown and is supported by proof.

Is evidence of such want of notice inadmissible because it contradicts the officer's return?

The return of the officer, (which is in the statute form,) does not state that he gave any such notice to the debtor, but the statement " that the parties neglected to choose, etc." should probably be held to imply that they neglected after being properly notified, and therefore evidence to disprove such notice considered as contradicting the return.

The general principle claimed by the defendant that an officer's return is conclusive upon the parties to the process, and that neither can be allowed to contradict it by evidence, is well established. But the cases cited to support this, and probably all that can be found are where it is sought to attack the return *collaterally*.

The question here is whether the return is conclusive in a proceeding brought directly to operate upon the return itself, and the very purpose of which is to set aside and vacate that return. If it be so, then the return must be held conclusive, and could not be set aside, though ever so clearly proved to be an entire fiction, and that there never was any appraisal made whatever.

Officer's returns are certainly no more conclusive than records, which have uniformly been held conclusive upon the parties to them, and not to be disproved by evidence. But this doctrine as to records has this express and well settled exception, that it only applies where the record is sought to be attacked in a collateral manner, and that they may be contradicted in any proceeding

brought to operate directly upon the record itself. This has been so decided in petitions brought to the county court to vacate judgments of justices of the peace ; *Mosseaux* v. *Brigham*, 19 Vt. 457. So also in cases of *audita querela* brought to set aside judgments ; *Paddleford* v. *Bancroft et al.*, 22 Vt. 529, and cases cited in the opinion of the court. In *Pratt* v. *Jones*, above cited, an action of debt was brought upon a judgment, which had been apparently satisfied by levy upon real estate, and it was sought to be sustained by showing that the estate levied upon was not the estate of the debtor. But the court said the levy could not be attacked in that collateral manner, but that in a proceeding of this sort to directly vacate it, it might be done. We are, therefore, of opinion that both upon authority and principle evidence is admissible to show that the petitioner had no such notice.

Is the evidence offered by the petitioner properly taken, and is it sufficient to establish the fact that he received no notice from the officer ?

The affidavits or depositions of the petitioner were taken before a magistrate upon notice to the petitionee who attended the taking, and the magistrate certifies that they were duly sworn to, that the adverse party was duly notified, and attended the taking, but they have no formal caption, and were not sealed up, as the statute requires in taking depositions.

The defendant claims that for these reasons, the evidence is not admissible, because not properly taken.

In all the various cases where the statute has given this court jurisdiction involving the trial of matters of fact on evidence, no provision is made by statute as to the mode of proof. Granting divorces, establishing highways, granting new trials on petition, and cases like the present, and many others may and generally do involve questions of fact and require evidence. There is nothing in any of the statutes giving the court jurisdiction of those matters, that is at all inconsistent with the production of the witnesses in court, and their examination before the court. But so far as we know, this has never been done, probably because the time could not be afforded, and the evidence has always been required to be taken in writing. It has never been considered that the provisions and requirements of the statute,

Briggs v. Green.

relative to the taking of depositions in civil causes, applied to this class of cases.

It was for many years the practice in road cases to receive affidavits of witnesses taken without notice, and this continued until the court laid down the rule in *Burgess et al.* v. *Grafton et al.*, 10 Vt. 321, requiring the evidence to be taken in the form of depositions, and on notice to the adverse party. In petitions for new trials the practice of receiving *ex parte* affidavits continued still later, and until the court promulgated a general rule for such cases requiring the evidence to be taken with notice and in the form of depositions. No rule has been established by the court for cases like the present, but as the testimony was taken with notice to the defendant, and he was present at the taking, we regard it as well enough.

It remains then only to consider whether the evidence is sufficient to establish the want of notice. The burden is clearly upon the petitioner to disprove the notice. The petitioner swears that he was not notified, that the officer called on him at Montpelier, and demanded payment of the execution, but gave no notice to choose appraisers, and that he did not see the officer elsewhere until the levy had been completed. The officer swears that he did give notice at Richmond, and these two are the only direct witnesses, and the testimony must be considered as balanced, unless there are some circumstances or other evidence to corroborate one or the other. The officer does not say at what time he gave the notice, but he refers to no time except when the levy and set off were made, and his return indicates that the business was all transacted at one time.

Rhodes, one of the appraisers, says that Briggs was not at Richmond when the appraisal was made, and the defendant though examined as a witness, says nothing of Briggs being there.

If the officer had testified that he gave the notice at Montpelier, where Briggs says he demanded payment, we might very easily believe that Mr. Briggs was mistaken, and that he either did not understand the officer, or had forgotten it. But he says it was at Richmond, and if Briggs was there when the appraisal was made, or at any time when the notice was given him, that fact could easily have been established by the defendant. Under

all the circumstances, it seems very improbable to us that if the plaintiff had received such notice, he would have declined to attend and choose an appraiser, but elected to have them selected and the appraisal to be made in his absence. We are more inclined to the belief that the officer supposed that as the statute did not, in terms, direct him to give such notice, it was not necessary. Without enlarging more upon the evidence, we are fully satisfied that the want of notice is sufficiently established, and that the levies ought to be vacated. It is, therefore, ordered that said levies be vacated and set aside, and that the defendant have leave to take out his executions anew from this court. As it does not appear that the defendant was aware of any want of notice to the petitioner, or was in fault therefor, no costs are to be taxed in this proceeding against him.