## FAIRBANKS v. DEVEREAUX AND ANOTHER.

### Audita Querela.   Irregular Execution and Levy.

When an execution has been satisfied in part, an *alias* execution must state that execution remains to be done of so much of the judgment as remains unsatisfied, and command the officer to collect such unsatisfied part, in the usual form. If the *alias* states that execution of the whole judgment remains to be done, and commands the officer to collect the same, it is irregular, and will be set aside on *audita querela*, notwithstanding the amount satisfied on the original execution is indorsed on the *alias*.

The appraisers on an execution appraised the value of the entire premises, and ascertained the amount of incumbrances thereon, including the debtor's homestead interest; and although the incumbrances and the homestead interest, according to the appraisers' estimate, exceeded the full value of the whole premises, the officer proceeded to set off the debtor's equity of redemption therein, subject to the homestead interest, in satisfaction of the execution, without any further appraisal of the value of the interest set off. *Held*, that the set-off was not according to statute— that the value of the interest set off should have been ascertained, that the debtor might redeem by payment thereof.

The homestead must be set out before the residue of the premises can be set off on execution, otherwise the levy will be irregular.

When irregularities in an execution are matters of substance, and when the creditor in an execution uses it in an unlawful manner, and the use is oppressive and burdensome, in cases where such use can be set aside, *audita querela* is a proper remedy.

AUDITA QUERELA to set aside an execution and levy thereof on real estate. The pleadings resulted in a special demurrer to the rejoinder. The merits of the case fully appear from the opinion. The court, at the May Term, 1875, BARRETT, J., presiding, rendered judgment for the defendants; to which the plaintiff excepted.

. *W. C. French* and *Wm. E. Johnson*, for plaintiff.

*Norman Paul*, for defendants.

The opinion of the court was delivered by

WHEELER, J. I. The alias execution was not properly issued. As it was issued, it did not set forth the foundation of its commands, nor the commands themselves, truthfully. It recited the recovery of judgment as to term of court and amount of damages and costs, correctly, but when it went on and recited further, that thereof execution remained to be done, it stated it wrongly, for execution remained to be done for only a part thereof. The execution should have stated the judgment as it did, which was according to the fact, and here great accuracy is required, and then it should have stated, whereof execution remained to be done as to so much of the judgment as remained unsatisfied, and proceeded to command the officer to levy and collect it in usual form. The receipt indorsed upon it was of a date before the issuing of the execution, and might not clearly show to every one interested, whether the amount of it had been taken out of something else, or was to be taken out of the amount commanded to be levied. And if understood, it was no part of the execution, and would not be required to be recorded with it when that was required to be recorded; and as the correct record of it might be quite important, the receipt indorsed would not make the execution justly equivalent to what it would have been if it had been right. As it was, the debtor in it, plaintiff here, was entitled to have the execution itself set aside, and leave the creditors to pursue their rights by taking out a new one.

II. The appraisers on the execution appraised the value of the entire premises, and ascertained the amount of incumbrances

upon them, including the homestead interest of the debtor, and although the incumbrances, with the homestead right, exceeded the full value of the whole premises, according to their estimates, the officer proceeded to set out the right of the debtor to redeem the premises, subject to the homestead right, in satisfaction of the execution, without any further appraisal of the value of the right set off. This was not according to the provisions of the statutes relating to such levies. The value of the interest set off should have been ascertained. The debtor, by statute, has the right to redeem at any time within six months after the levy, by paying or tendering the sum at which the estate is appraised and set off, with interest; not by paying the amount of the execution, nor the full value of the whole estate, but the appraised value of what is set off. In this proceeding, that value was not appraised. The failure to appraise it cut off the debtor from an important right, and spoiled the effect of the levy.

III. The homestead act, and the provisions with respect to setting out homestead when premises including a homestead right of a debtor are levied upon, as they stand now, were passed long after the passage of the statute relating to setting off estates that cannot be divided without great injury to the interests of the parties, to which reference has been made, and the provisions of the homestead law are paramount. According to these provisions, the homestead must be set out from the residue before the residue can be set out on the execution. In this case the return shows that the premises included a homestead right, and the levy was proceeded with upon the assumption that the right was there, and still nothing was done toward setting it out as the statutes provide. If the levy had been made in other respects so as to save to the debtor his right to redeem, the ascertainment of the exact limits of the homestead right, would have been important to him in determining whether he would redeem or not. As a levy, it is irregular, because the homestead was not set out.

IV. The irregularity in the execution was a matter of substance and not of form merely, and there is no question made but that in such a case this is the proper method by which to correct

it. Neither is there any doubt that when the plaintiff in an execution uses it in a manner that is not lawful, and the use so made of it is oppressive and burdensome, in cases where the use of it can be set aside, *audita querela* is a proper proceeding by which to set it aside. *Hopkins* v. *Hayward*, 34 Vt. 474.

The judgment is reversed, and the demurrer is sustained, and the replication adjudged insufficient, and judgment that the execution and levy are set aside, with one cent damages and costs, the plaintiff waiving all claim to further damages.