### SAMUEL H. PARKER v. BENJAMIN F. PARKER.

#### Petition to Vacate Levy of Execution on Real Estate.

1. The section of the statute,—R. L. s. 1596,—which provides that the Supreme Court, on petition for that purpose, may vacate an irregular, informal, or doubtful levy on real estate, does not apply to a case when such levy or extent is void ; as when the officer neglects to have the execution recorded in the town clerk's office, and to return it to the office of the clerk signing it, within sixty days.

2. Lapse of time of itself does not cure a void levy.

3. R. L. s. 1596, defective levy on real estate,—new execution ; R. L. s. 1598,—defective levy valid in two years,—construed.

PETITION to vacate a levy of an execution on real estate brought to the Supreme Court, January Term, 1882. The case is stated in the opinion.

*W. C. Dunton* and *Edward Dana*, for the petitioner.

If the return fails to show that the justice who appoints one or more of the appraisers, could by law judge between the parties in civil causes, the levy is void. *Dodge* v. *Prince*, 4 Vt. 191. It was held in *Bell* v. *Roberts*, 13 Vt. 582, that a levy defective as in *Dodge* v. *Prince, supra*, was within the provisions of the statute of 1837, Gen. St. c. 47, s. 46. See opinion of Judge COLLAMER in *Bell* v. *Roberts, supra*, and Judge REDFIELD in *Hyde* v. *Taylor*, 19 Vt. 601, where it is held that the statute is a remedial one, and should receive a large and liberal construction. If the debtor have no notice to appoint one of the appraisers the levy is void. *Stanton* v. *Bannister*, 2 Vt. 464. Yet the Supreme Court, in a case where no notice to appoint an appraiser was given to the debtor, granted a new execution. *Briggs* v. *Green*, 33 Vt. 565.

*W. H. Smith*, for petitionee, cited Gen. St. p. 368, s. 46 ; *Bell* v. *Roberts*, 13 Vt. 582, 585.

The opinion of the court was delivered by

TAFT, J. This case is a petition under s. 1596, R. L. to vacate the levy of an execution extended upon real estate. The execution was not recorded in the town clerk's office, nor returned to the office of the clerk signing it, within sixty days from the date of its issue. The levy was therefore void ; cases cited in Rob. Dig. 317, s. 121. The question arises, whether proceedings under s. 1596, R. L., are applicable to a levy that is void. The statute extends to cases where " the extent or levy is irregular, informal, or not made according to law, so that the title derived therefrom is doubtful " ; and provides that this court may on petition, vacate such extent, and issue execution anew. We think that this section was intended to provide a remedy for such defects in the proceedings as render the title under a levy doubtful. It is immaterial whether such defects appear upon the face of the levy or not.

*Hyde* v. *Taylor*, 19 Vt. 599 ; *Briggs* v. *Green*, 33 Vt. 565 ; and has no application to those cases that are defective in substance as to the subject-matter. *Bell* v. *Roberts*, 13 Vt. 582 ; *Hopkins* v. *Hayward*, 34 Vt. 474. In case of a levy absolutely void, it cannot be said that the title is doubtful ; there *is* no title ; none passes under such a levy. Section 1598, R. L. provides that where no petition under s. 1596, is brought to vacate the extent and issue execution anew, within two years from the time the extent was returned, that the extent shall be valid to convey the title the debtor had in the premises, at the time of the extent, and conclusive evidence of the title in such estate, against the debtor and his representatives. The necessary result of holding that we have jurisdiction in this case, and granting the prayer of the petitioner, is to hold that all levies, void absolutely, those that convey no title whatever, after the lapse of two years, become, as against the debtor and his representatives, perfectly good, and pass the estate to the creditor, notwithstanding intervening conveyances and attachments. To do this would be going beyond the statute ; and to so hold, independent of the statute, would be in conflict with adjudications, that lapse of time of itself, does not cure a void levy.

Petition dismissed with cost.  .