GEORGE WHITEFIELD v. C. A. ADAMS.

LAMOILLE COUNTY, 1893.

Before : ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Vacation of levy.   Sale without setting out homestead.*

1.  Petitions under R. L. s. 1,596, to vacate a levy of execution, are sustainable only in case of irregularity or informality in the levy, and not when the levy is void.

2.  If land in which the debtor has a homestead interest is sold subject to the homestead, without setting it out by metes and bounds, the levy is void.

3.  The return of the officer, recognizing the existence of a homestead and stating that he sold the land subject to it, will prevail on trial over the allegation in the petition and the assertion of petitioner's counsel that there was none.

Petition to vacate a levy, returnable to and heard at the August term of the Lamoille County Supreme Court, 1893.

The petitioner alleged that heretofore he had obtained a judgment and taken out an execution against the defendant, on which certain real estate of the defendant had been sold ; that the defendant claimed a homestead in the land and that the same was sold subject to such interest; that in fact the defendant had no such interest; wherefore the petitionee prayed that the levy might be vacated.  The officer's return, which was made a part of the petition, stated that the premises were sold subject to the defendant's homestead.

*P. K. Gleed* for the petitioner.

*E. B. Sawyer* and *R. W. Hurlburt* for the defendant.

A void levy cannot be set aside on a petition like this, but only those that are irregular. *Sleeper* v. *Newbury Seminary*, 19 Vt. 448; *Bell* v. *Roberts*, 13 Vt. 582; *Hopkins* v. *Howard*, 34 Vt. 474; *Parker* v. *Parker*, 54 Vt. 341.

A failure to set out the homestead before sale makes the levy absolutely void. *Parker* v. *Parker*, 54 Vt. 341; *Fairbanks* v. *Deveraux*, 48 Vt. 552.

The opinion of the court was delivered by

ROWELL, J.   Petitions of this kind are sustainable in this court only when "the extent or levy is irregular, informal, or not made according to law, so that the title derived therefrom is doubtful." R. L. 1,596. It has been uniformly held that this statute does not apply to the case of a void levy. *Parker* v. *Parker*, 54 Vt. 341.

If the land levied upon includes a homestead, the location and boundaries of the homestead must be ascertained and set out before the sale, and the sale be of the residue. Acts. of 1884, No. 139, s. 8, and R. L. 1,895. This requirement is matter of substance, not matter of form merely, and a substantial compliance with it is essential to the validity of the proceedings. The ascertainment of the location and boundaries of the homestead is necessary in order to supply an important element for consideration in bidding at the sale, and the want of such ascertainment would tend greatly to lessen both the number and the amount of bids, whereby both debtor and creditor might suffer. Besides, as said in *Fairbanks* v. *Devereaux*, 48 Vt. 552, such ascertainment would be important to the debtor in determining whether he will redeem or not. In that case the levy is said to be irregular because the homestead was not set out. The court may have meant that it was more than irregular; but whether it did or not, we think the proceedings in this case are void because the land was sold subject to the debtor's right of homestead instead of setting out the homestead and selling

the residue.   And the petitioner's attorney says that is so if there was a homestead in the premises, but he says there was none, and that this is an answer to the claim that the proceedings are void for not setting one out.   But we cannot act upon the assertion of counsel as against the officer's return, which recognizes the existence of a homestead in the premises, and shows a sale  subject to it instead of  a setting of it out.

*Petition dismissed with costs.*