\* ERASMUS A. PLIMPTON, EXECUTOR, *v.* FARMERS' MUTUAL FIRE INSURANCE COMPANY AND JOSEPH MUNDELL.

[IN CHANCERY.]

*Insurance. Execution Debtor and Creditor. Homestead.*

A person having acquired title by levy of execution on premises insured to the execution debtor, is not entitled to the proceeds of the policy in case of loss by fire.

*Semble.* The mortgagee has in general no claim, either in law or equity, upon the proceeds of a policy effected by the mortgagor in his own name on the mortgaged premises, without any agreement to keep the premises insured, unless the policy be assigned to him.

BILL IN CHANCERY. The prayer of the bill was that the defendant Fire Insurance Company may be restrained from paying certain insurance money to the defendant Mundell, and be decreed to pay the same to the orator. The bill alleged facts tending to show, among other things, that the premises in question were not exempt as a homestead from being levied upon on

---

\* Tried February term, 1870.

the orator's execution.   Mundell's answer denied these allegations and set up averments to the contrary.   But under the decision of the case it is unnecessary that the facts upon this branch of the case should be stated, and the other facts in the case are sufficiently stated in the opinion of the court.

At the September term, 1869, Chancellor BARRETT dismissed the bill, *pro forma*, and the orator appealed.   The Insurance Company appeared by their solicitor, but did not answer.

*Waterman & Read*, for the orator.

*Charles N. Davenport*, for the defendant Mundell.

The opinion of the court was delivered by

WILSON, J.   The orator seeks to restrain the defendant company from paying certain insurance money to the defendant Mundell, and for decree that the same be paid to the orator.

The only question we have felt called on to decide in this case is, whether the orator has a legal or equitable claim to any portion of the money in question.   It appears that Mundell, on the 5th day of November, 1866, being the owner of certain real estate occupied by him as a homestead, procured the buildings upon it to be insured by said company.   About the 9th of that month the orator commenced a suit against Mundell and attached said homestead upon the writ in that suit, which was duly entered in Windham county court, and such proceedings were had therein that the plaintiff, at the September term of said court in 1867, recovered judgment against Mundell for $242.95 damages, and his costs taxed at $23.36.   On the 29th of February, 1868, the orator took out execution upon said judgment and caused the same to be levied upon said premises, in full satisfaction of said execution and the costs and charges thereon.   In October, 1868, the buildings upon said premises were destroyed by fire.   The loss was adjusted at $381.18, including loss on personal property, of which the sum of $190 is for the insurance on the buildings.   It is insisted by the orator's counsel that the buildings were not a part of a homestead as against him in respect to said debt, and having levied

upon the premises in satisfaction of the debt, he claims the insurance that was on them, on the ground of the alleged title of the plaintiff at the time of the loss.

The question whether the orator has a legal equity to the proceeds of the policy is wholly independent of the question whether the debt upon which said judgment is founded was an existing cause of action at the time of acquiring the homestead. This view of the subject renders it unnecessary to decide whether the property was exempt from said attachment and levy or not. It seems to us clear that the orator is not entitled to the whole or any part of the proceeds of said insurance. In *Lynch et al.* v. *Dalzell et al.*, 4 Bro. P. C., 432, it is held that such insurance does not attach on the realty, or in any manner go with the same as incident thereto by any conveyance or assignment of the estate. In *Vernon* v. *Smith*, 5 B. & Ald., 1, the court decided that a covenant on the part of the lessee to keep the premises insured runs with the land. So, also, where the mortgagor covenanted with the mortgagee that he would keep the premises insured during the continuance of the mortgage lien, and in case of loss that the proceeds of the policy should be applied to the rebuilding of the property insured, it was held in Maryland that the mortgagee had an equitable lien upon the fund received by the mortgagor from the insurers to satisfy the balance of his debt, which he could not collect by a foreclosure and sale of the mortgaged premises. *Thomas* v. *Vonkapff*, 6 Gill. & J., 372. Where the insurance is effected by the mortgagee at the request of the mortgagor, a privity exists between the parties, and the premiums paid become a charge upon the mortgaged premises, in addition to and equally with the original debt, except so far as subsequent mortgagees and purchasers are concerned, and the amount paid by the insurers to the mortgagee goes to reduce the debt of the mortgagor, who is entitled to the balance if the proceeds are more than sufficient to pay the debt. 14 Conn., 32 ; 7 Cush., 16. But it would seem that the mortgagee has in general no claim, either in law or equity, upon the proceeds of a policy effected by the mortgagor in his own name on the mortgaged premises, without any agreement to keep the premises insured, unless the policy be

assigned to him. *Columbian Insurance Company* v. *Lawrence*, 10 Peters, 512 ; *Carter* v. *Washington Insurance Company*, 16 Peters, 504 ; *Carter* v. *Rockett*, 8 Paige Ch., 437 ; *Saunders* v. *Frost*, 5 Pick., 259. In *White* v. *Brown*, 2 Cush., 412, and in *King* v. *State Mutual Insurance Company*, 7 Cush., 1, the court were of opinion that an insurance on a building could not be converted into an insurance of a debt, by proof that the interest of the insured was limited to a mortgage, and that he was consequently entitled to recover the whole amount of the loss for his own benefit, without crediting it to the mortgagor. But it will be observed that the view taken in the two cases last above cited, so far as they hold the mortgagee not bound to credit the insurance money upon the mortgage debt, is at variance with that taken in *Carter* v. *Washington Insurance Company*, and in the case of *Smith* v. *The Columbian Insurance Company*. It is said by Mr. Ellis, in his work on insurance, page 162, that no equity attaches upon the proceeds of policies of insurance in favor of third persons, unless there be some contract or agreement or trust to that effect, and several cases are there cited in support of this view of the subject. Although in none of the cases above cited did the question arise, whether a person having acquired title by levy of execution on premises insured to the execution debtor could justly claim the proceeds of the policy in case of loss by fire, yet the general principles enunciated by those cases are entitled to great weight, so far as they are applicable to the facts of this case.

Insurance is a contract of indemnity, given by the insurer in consideration of the premium paid by the insured, against such loss or damage by fire as may happen to the insured in respect to the property covered by the policy. It is a special agreement with the person insuring against such loss or damage as he may sustain. The contract of insurance is in general confined to the parties, and as a general principle no other person has any right in law or equity to the proceeds. Unless a legal or equitable right thereto has been created by contract with a third person, or by some act of the insured, those proceeds have become clothed with the character of real estate, or with a trust in favor of a third

person. Mundell owned the premises at the time the insurance was effected. He claimed and occupied them as a homestead. He procured the insurance in his own name, for his own benefit or for the benefit of himself, his heirs and assigns, and paid the premiums from his own funds. By this precaution he has protected himself from the loss he would otherwise have sustained by the accident. The orator caused his execution to be levied upon the premises. The defendant Mundell, claiming the premises exempt from said attachment and levy, did not redeem; hence the title of the orator became absolute, if the premises were not exempt from said levy and it was regularly made. But this gave the orator no legal or equitable claim to the insurance. There was no contract or understanding between the orator and Mundell in respect to procuring said policy, and no assignment of it to the orator. The orator paid no premium for said policy, and has incurred no liability to the insurance company or for Mundell in respect to or in faith of said insurance. As to said insurance the orator stands as an entire stranger, both as to Mundell and the company. If he has or ever had any title to the premises, (a question which we have no occasion to decide,) he acquired it by said levy,—a proceeding strictly *in invitum*, from which no inference can be drawn as to any agreement or understanding between him and Mundell or the company in respect to the proceeds of the policy. No privity ever existed between the orator and Mundell, or between the orator and said company, in respect to the policy or its proceeds, and there is no foundation for a trust in favor of the orator. If the orator acquired title to the premises, it became absolute before the loss, and he might have negotiated a policy for his own benefit, and have protected himself from loss; but not having done so, he took the risk and must bear the loss, and can have no recourse to the insurance, with which he had nothing whatever to do and to which he has no legal equity.

It is said by the orator's counsel that Mundell had no insurable interest in the buildings after the levy of the orator's execution became absolute; that the insurance company allowed the insurance to remain, and it belongs, says the orator, to the real owner of the premises. Upon the facts of this case the insurance was

and is a matter entirely between Mundell and said company, and does not in any way or manner concern the orator. It does not appear that Mundell has done anything to affect his title or to invalidate the insurance. It would seem that the insurers very sensibly determined that the mere fact that the orator had levied upon the homestead, and the time of redemption had expired, would not authorize the company to cancel the policy upon the assumption that the title had passed to the orator. But however this may be, the company is willing to pay the insurance money to the party or person entitled to receive it. We hold that the orator is not entitled to said money; that it justly belongs to the defendant Mundell.

The decree of the chancellor dismissing the bill is affirmed with cost to the defendants, and the cause remanded to the court of chancery, to be disposed of accordingly.