13124

FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA v. LIVERPOOL & LONDON & GLOBE INS. CO., LTD. *ET AL.*

(158 S. E., 273)

October, 1930.

*Mr. E. H. Henderson,* for appellant,

*Mr. George Warren,* for respondent.

April 16, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Appeal on the part of the plaintiff from an order sustaining a demurrer to the complaint.

The plaintiff alleged, briefly stated, that on November 18, 1922, George W. Fennell executed and delivered to the plaintiff his bond and a mortgage on certain real estate to secure the payment of the bond; that on or about May 18, 1923, Fennell died intestate, survived by his widow and children, as heirs at law, named as parties defendant; that J. E. Fennell became administrator of the estate; that plaintiff, in a suit against the administrator and heirs at law of decedent, obtained a judgment against the administrator in the sum of $11,098.10 on April 22, 1929, which was duly

entered of record in the office of the Clerk of Court for Hampton County, and no part thereof has been paid; that a verified claim for the amount of the judgment had been filed with the administrator, and no part thereof paid by him; that the lands covered by the mortgage, with the unpaid taxes due thereon, are not worth the amount of plaintiff's debt; that, at the time of his death, decedent was possessed of a house, with furniture therein, and lot in the Town of Hampton, which was not covered by plaintiff's mortgage; that on May 14, 1929, the house and furniture were destroyed by fire; that, at the time of the fire, the house and furniture were covered by insurance written by the defendant insurance company, in the sum of $2,500.00, in the name and for the benefit of the estate of decedent; that the assets of the decedent's estate are insufficient to pay plaintiff's indbtedness, and the estate is insolvent; that the proceeds of the fire insurance are chargeable with plaintiff's debt, and plaintiff is entitled to have the same subjected to the payment.

The defendant J. E. Fennell, individually and as administrator, demurred to the complaint, on the grounds that "the complaint in its entirety does not state the attempted cause of action for equitable relief"; and "that the complaint shows upon its face that another action has been brought and judgment obtained, and that such procurement of such judgment constituted an election of remedies sought by the plaintiff which would prohibit the present action."

The demurrer was sustained by his Honor, Judge Johnson, in a formal order, without any reasons being given therefor. In our opinion, his decision was correct on the first ground submitted. We shall only consider that, for, if it was sufficient, it is not necessary to consider the other ground.

The real purpose of the action is fairly disclosed by the following allegations and the prayer for judgment which corresponds therewith: "That the proceeds of the said policy

of fire insurance are chargeable in equity with the amount of the plaintiff's said debt, and the plaintiff is entitled to have the proceeds of the said fire insurance subjected in equity to the payment of the said debt."

There is no doubt but that the judgment which the plaintiff recovered against the administrator, none of the heirs having entered into the exclusive possession of the house and lot, immediately created alien upon all of the real estate of the intestate, including, of course, the house and lot in question, subject to the homestead claim; it was a general lien which we think had nothing to do with the insurance. If the plaintiff had had a morgtage, a specific lien, upon the house insured, it would have had no claim to the insurance money.

In 1 Jones Mfg. (6th Ed.), § 401, it is said: "But if there is no covenant or agreement in the mortgage that the premises shall be insured for the benefit of the mortgage, the mere fact that his mortgage covers the property insured and the insured is personally liable for the debt gives the mortgagee no corresponding claim upon the policy or the proceeds of it. His claim is then no better than that of any creditor of the mortgagor. The policy is strictly a personal contract. It does not attach to the mortgage or to the realty" —citing *Lynch v. Dalzell,* 4 Bro. Parl. Cases, 431; *Neale v. Reid,* 3 Dowl. & Ry., 156, 158; *Powles v. Innes,* 11 M. & W., 10; *Less v. Whiteley,* 11 R., 2 Eq., 143; *Carter v. Rockett,* 8 Paige (N. Y.), 437; and many other cases.

In *Vandegraaff v. Medlock,* 3 Port. (Ala.), 389, 29 Am. Dec., 256, it is said: "It is well settled that a policy of insurance is a distinct independent contract between the insured and insurers, and third persons have no right either in a Court of Equity, or in a Court of law, to the proceeds of it, unless there be some contract or trust, express or implied, between the insured and third persons. * * * As there are no such covenants in the mortgage, and no other contract on the subject between the parties, the case is one in which

the mortgagor has obtained a contract with his own money, and a Court of Equity has no more control over the proceeds to which he may be entitled than it has over any other debt due to him. If he be insolvent, his other creditors have as just a claim to the proceeds of the policy as the mortgagees."

The reasoning of the decision applies with equal if not greater force to a general lien as is a judgment.

The precise question is decided in the case of *Plimpton v. Farmers' Mut. Fire Insurance Co.,* 43 Vt., 497, 5 Am. Rep., 297, where it was held quoting syllabus: "A. having obtained a judgment against B. levied execution upon premises owned and insured by B. Subsequently the premises were destroyed by fire. Held, that A. was not entitled to the proceeds of the insurance policy."

We think, therefore, that the plaintiff has not the vestige of a claim in a Court of Equity to a lien upon the proceeds of insurance.

If the plaintiff is entitled to a *pro rata* distribution of the proceeds of the fire insurance policy, as it may be, the remedy is plain by proceeding in the Probate Court, or in the Court of Common Pleas, to force an accounting and settlement by the administrator; that he has not heretofore made such accounting and settlement may be due to the claim which the plaintiff interposed to the whole of the insurance.

The order sustaining the demurrer is affirmed.

Messrs. Justices Cothran and Stabler and Mr. Acting Associate Justice Cosgrove concur..

Mr. Justice Carter disqualified.